MISSOURI, KANSAS & TEXAS RAILWAY COMPANY ET AL. V.
F. MAZZIE & CO.

Decided April 12, 1902.

**1.—Carriers of Freight—Through Shipment—Change of Destination.**

Where, upon the arrival of freight at its original destination, the consignee directs the car forwarded over connecting lines to another point, which is done without the issuance of another bill of lading, and all the carriers treat the consignment as a single shipment, it will be held such in an action for damages to the freight brought against the last carrier.

**2.—Same—Connecting Carriers—Prima Facie Case.**

Proof that freight was received by the initial carrier in good condition and delivered by the terminal carrier in a damaged condition makes a prima facie case against the latter, and places on it the burden of showing that the damage did not occur on its line.

**3.—Same—Injury to Fruit.**

Where a carload of grapes was in the possession of the initial carrier for several days, and the car was not iced, and the weather was hot, and grapes so packed and held for such time and in such weather would begin to decay, and the car was not opened until it reached its destination, it was proper in an action against the delivering carrier, to submit to the jury whether any of the damage occurred on the initial carrier's line.

**4.—Same—Damage as Between Connecting Carriers.**

In such action it was error for the court to refuse to charge that if the grapes began to decay in the initial carrier's possession, and, owing to the inherent nature of the fruit, the decay could not be stopped, the delivering carrier was not liable for such damage.

**5.—Same—Shipping Order—Secondary Evidence.**

In an action against a delivering carrier for damage to freight which was diverted from its original destination by the consignee's order, the plaintiffs, as a predicate for the introduction of parol evidence of the contents of the order, should account for their failure to produce the order itself.

Appeal from the County Court of Grayson. Tried below before Hon. J. D. Woods.

*T. S. Miller* and *Head & Dillard,* for appellants.

*Moseley & Smith,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—This suit was brought by F. Mazzie & Co., who are retail fruit dealers of Denison, Texas, against the Missouri, Kansas & Texas Railway Company and the Missouri, Kansas

& Texas Railway Company of Texas, to recover damages to a carload of grapes. They obtained judgment and the defendants have appealed.

The grapes were shipped by the Chautauqua and Erie Grape Company from Northeast, Pa., to M. Frye & Co., at Chicago, over the line of the Lake Shore & Michigan Southern Railway Company. A bill of lading in the usual form was issued, the grape company being the consignor, Frye & Co. the consignee, and the city of Chicago appearing to be the point of destination. Before the fruit arrived at Chicago, Frye & Co. had sold the same to Mazzie & Co., and when the car reached Chicago, Frye & Co. delivered to the Lake Shore Company an order directing the car to be forwarded to Denison, over the lines of the Chicago, Burlington & Quincy Railway Company and the defendant companies. Frye & Co. surrendered the original bill of lading, but no other bill of lading was issued. The car was forwarded as directed in the said order.

It seems that the action of Frye & Co. in diverting the shipment to Denison was taken under some general arrangement with the Lake Shore Company by virtue of which Frye & Co. were authorized to so divert such shipments. The forwarding of the goods on expense bills without the issuance of another bill of lading appears to have been a part of such arrangement and to have been recognized by the roads receiving the goods as a proper and binding method of continuing the shipment. The trial court assumed that the facts showed a single shipment. The appellants contend that the transactions stated constituted two separate and distinct shipments, one from Northeast, Pa., to Chicago, and the other from Chicago to Denison. If, when the original contract of carriage was entered into with the Lake Shore Company at Northeast, Pa., there existed no arrangement by which Frye & Co. were authorized to change the point of destination named in the bill of lading, and if the voyage to Chicago was completed before the change was made, then the contention of appellants would be well taken. But we do not understand that such was the case. All of the carriers concerned seem to have treated the consignment as a single shipment, and to have conceded the right of Frye & Co. to have the shipment continued to Denison. We can not say that the trial court erred in holding that the facts showed a single shipment.

Each of the companies concerned in transporting the goods were liable only for the damage which occurred on its own line. When, however, the plaintiffs proved that the goods were received by the initial carrier in good condition and were delivered by the terminal carrier in a damaged condition, a prima facie case was made against the delivering carrier. Railway v. Adams, 78 Texas, 372. In order to meet the case so made, it devolved on the terminal carrier to show that the damage did not occur on its line. Railway v. Edloff, 89 Texas, 454. Upon such proof being made, the last intermediate carrier would take the place of the terminal carrier and would be bound to show, in order to

escape liability, that it was not responsible for the damage.   Railway v. Cushney, 4 Texas Ct. Rep., 406.

Evidence was introduced tending to show that the grapes were in the possession of the Lake Shore Company five or six days; that the car in which the grapes were loaded was not iced; that the weather was hot; that grapes so packed and held in such weather and for such time would begin to mold and rot; that when such decay had set in it could not be arrested.   The car was sealed when the grapes were loaded in Pennsylvania and was not opened until it reached Denison.   The condition of the fruit at any intermediate point could not be shown by direct and positive evidence.   The trial court declined to submit to the jury the issue whether the damage or any part thereof occurred on the line of the Lake Shore Company.   This was error.   The evidence was sufficient to raise the issue, and the same should have been submitted to the jury. Proof of the facts necessary to establish this defense could be made by circumstantial evidence, no direct or more certain evidence than that adduced being available.

The trial court also erred in refusing to charge the jury that if the grapes began to mold and rot while in the possession of the Lake Shore Company, and if, owing to the inherent nature of the fruit, the decay could not be stopped, then the defendants would not be liable for the resulting damage.   In such case the defendants would be answerable only for such damage as they could and should have prevented.

No directions were given to ice the car until after it had reached Chicago.   The evidence tends to show that the car should have been iced sooner than it was.   It is not clear from the record before us whether it was the duty of the Lake Shore Company to ice the car without instructions to that effect, or only after being directed to do so.   If it appears on another trial that the company was under no duty to ice the car until it was so instructed, then the issue of contributory negligence on the part of the shipper in failing to give such direction would be raised and should be submitted to the jury.

The plaintiffs were permitted to prove by parol the contents of the order given by Frye & Co. to the Lake Shore Company diverting the shipment to Denison, and directing the car to be iced.   As a predicate to the introduction of such evidence the plaintiffs should have accounted for their failure to produce the order itself.   Railway v. Dilworth, 4 Texas Ct. Rep., 406.

The petition of the plaintiff is loosely drawn and the facts attempted to be alleged are vaguely stated.   Before another trial, the petition should be amended and the facts relied on to show a cause of action alleged with more certainty and definiteness.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*