Texas & Pacific Railway Company v. Smith & White.

Decided February 20, 1904.

**1.—Carriers—Joint Defendants—Damages—Pleading—Jurisdictional Amount.**

In an action against the Texas & Pacific Railway Company and other carriers for damages to a shipment of cattle, a demurrer to plaintiff's petition on the ground that the facts alleged were insufficient to show that the court had jurisdiction over the Texas & Pacific Railway Company because it did not claim any specific amount against said company, but merely stated that less than $2000 was claimed against each defendant, was not well taken where the total amount claimed in the action was sufficient to give the court jurisdiction.

**2.—Same—Misjoinder of Parties and Actions.**

Since it was within the power of the Legislature to permit a recovery of the whole of such damages as plaintiff claimed in one suit, there was no misjoinder of parties and actions.

**3.—Same—Cattle Shipment—Measure of Damages.**

In an action against a carrier for damages to a shipment of cattle plaintiff is entitled to recover the expenses of holding and feeding the cattle while waiting for cars in which to ship them, after order made for the cars. Following Railway Co. v. Campbell, 91 Texas, 561.

**4.—Same—Secondary Evidence—Orders for Cars.**

Where the records kept in the train dispatcher's office showed the number of cars ordered during the time in question and no effort was made to produce them or excuse offered for not doing so, there was no error in excluding the testimony of the train dispatcher to show the number of cars ordered, the witness stating that he could not give the number from memory anywhere near accurately.

**5.—Same—Filling Order for Cars—Reasonable Time—Charge.**

In an action of damages for failure to furnish cars to a shipper within a reasonable time it was not error for the charge to assume that a failure to furnish the cars for nine days after order made for them was negligence, since the statute makes a failure to furnish them for six days ground for the statutory penalty in such case.

**6.—Same—Excuse for Failure to Furnish Cars.**

Evidence which merely showed a congested condition of transportation facilities about the time of plaintiff's order for cars did not show a sufficient excuse for the carrier's failure to furnish the cars within a reasonable time.

**7.—Same—Connecting Carriers—Joint Liability—Concurring Causes.**

Where cattle were shipped over several connecting lines and by reason of delays along the route reached their destination too late for market, each of the several lines was jointly liable with the others for the resultant damages where delay on its own line, concurring with delay on the other lines, caused the cattle to be too late for market, although such delay on the given line would not, but for the delay on the other lines, have produced that result.

Appeal from the District Court of Mitchell. Tried below before Hon. James L. Shepherd.

*J. M. Wagstaff,* for appellant.

*Cowan & Burney,* for appellees.

STEPHENS, Associate Justice.—On November 13, 1902, appellees ordered stock cars from appellant for the transportation of their cattle from Colorado, Texas, to East St. Louis, Ill., to be furnished the 22d of that month at Colorado. After ordering the cars appellees

drove the cattle from their accustomed range, some forty miles north, to within a few miles of Colorado, and learning that appellant would not receive them for want of cars to carry them in, held them there in a pasture at considerable expense, while waiting for cars, from the 22d to the 28th of November, when the cars were at last furnished and the cattle forwarded to market via the Missouri, Kansas & Texas route. Besides the delay at Colorado, there were several hours delay between Colorado and Fort Worth and between Fort Worth and East St. Louis, in consequence of which the cattle reached their destination a day late, in bad condition and after the market had declined. Damages were recovered and apportioned against the three companies sued, but only the Texas & Pacific company has appealed.

We are asked to hold, as was also the trial court, that the facts alleged in the petition "were insufficient to show that the court had jurisdiction over the Texas & Pacific Railway Company," because it did not claim any specific amount against said company, but simply stated that less than two thousand dollars was claimed against each defendant; the total amount claimed, however, being sufficient to give the court jurisdiction. The point was not made in the trial court, and is not made here, that the petition, which charged a several and not a joint liability, was defective as a pleading for not stating the amount of damages claimed against each defendant, and will consequently not be considered. Unless, then, there was a misjoinder of parties and causes of action, and as declared by the Legislature there was not, we see no room for the contention that the petition failed to show that the court had jurisdiction. It was within the power of the Legislature to permit a recovery of the whole damage in one suit.

It is contended that the expense of holding the cattle pending appellant's failure to furnish the cars within a reasonable time, as well as other damage incident thereto, was not within the contemplation of the parties, and that proof of these items should have been excluded; but we think the law as announced in Houston E. & W. T. Ry. Co. v. Campbell, 91 Texas, 561, and other cases, is to the contrary.

The testimony of the train dispatcher offered to show the number of cars ordered at various points between Fort Worth and El Paso, from the 13th of November, 1902, to December following, as shown by the record kept in his office, while not subject to all the objections taken to it, was, we think, properly excluded on the objection that the witness could not give the number "anywhere near accurately" from memory, but had to depend on the record, which was easily accessible, and no excuse was given for not producing it. If produced, it might have shown that nearly all of the orders were made after November 22d, or even after November 28th, or at least after appellees' order was accepted on the 13th.

Two or three of the main paragraphs of the court's charge are complained of, and correctly, so we think, for assuming that from the 13th to the 22d of November was a reasonable time within which to furnish

the cars applied for, and a special charge requested by appellant, to the effect that it would not be liable if it could not by the use of ordinary diligence have procured the cars earlier than November 28th, was refused. But we are of opinion that the facts warranted this assumption. The order for sixteen cars to be loaded November 22d was made and entered in appellant's order book November 13th. Appellant therefore had nine days in which to furnish the cars. When a written application is made for cars as provided in article 4497 of the Revised Statutes, a reasonable time within which to furnish the cars is declared "not to exceed six days from the receipt thereof." True, the order written ·in appellant's order book may not have been such "application in writing" as to·warrant the recovery of a penalty as provided in article 4499, although appellant accepted the order and undertook to fill it, at least within a reasonable time, without requiring a deposit of one-fourth of the amount of the freight charge as provided in article 4500; but this was only a suit for damages resulting in part from unreasonable delay in furnishing cars for the transportation of cattle after the cars had been applied for by the shipper and after the carrier had undertaken to furnish them. If in the eyes of the law more than six days would be unreasonable delay in an action for a penalty, what should be said of nine days' delay in an ordinary action for damages? It would at least · be prima facie evidence of negligence. Article 4496, providing a remedy for the refusal of a railway company to transport property "at the regularly appointed time," places the burden of proof on the company "to show that the delay was not negligent." The question then is, was the prima facie case of negligence made against appellant in this instance rebutted, or was any evidence introduced tending substantially to rebut it? We think not. The feeble attempt made to account for the long delay complained of was a practical admission that appellant had no good excuse for not furnishing the cars sooner, else it would have shown it. The only testimony offered was that of Gilbert, the train dispatcher before alluded to, as follows: "I handle orders for stock cars; that is, after the orders for the cars are filed with the agent or other representatives of the company, if not filed at Big Springs, they are transmitted to Big Springs by telegraph. From the 15th of November till the 1st of December, 1902, there was a very heavy demand for stock cars. The railway company was not able to supply the necessary stock cars for loading out all cattle on the date they were ordered to be loaded. There was a record kept of the number of cars ordered from November 15 to December 1, 1902; this record is kept in my office; it consists of entries made from the orders received from the different agents along the line in the regular order of their filing. The entries in this book are made by myself or by my clerk. This record is made under the general supervision and direction of J. W. Ward, the division superintendent. I could not state anywhere near accurately the number of orders filed between any certain dates, without reference to the record, because there were a great many orders. I can give approximately

the number of cars ordered, the orders for which were on file along about the 1st of December, 1902. I can get the record; I haven't it in the courtroom, but I think it is at the depot here at Colorado City." Thus nothing was introduced to show what effort, if any, was made to fill this order, much less what difficulties, if any, were in fact encountered in the effort to fill it. Merely showing a congested condition of transportation facilities during a given month was wholly insufficient, and was no defense.

The court did not err, as assigned, in refusing the latter clause of the following charge requested by appellant: "The Texas & Pacific Railway Company is not responsible for any damages that occurred to the cattle in question, if any, after they left its own line of railway, and if you find that the cattle in question could and would have reached Monday's market, December 1, 1902, by the use of ordinary care and diligence on the part of the Missouri, Kansas & Texas Railway companies, then you will not find, in that event, any damages, if any, by reason of the fact that said cattle did not make the market Monday, December 1, 1902." No authority is cited to sustain this assignment. A ruling to the contrary was made by this court in Fort Worth & Denver City Railway v. Byers, 35 S. W. Rep., 1082, and we see no reason to recede from that ruling. While appellant was not liable for the delays resulting alone from the negligence of the other carriers, each and all of them were liable to appellees for the consequences of their combined negligence. It can not be said that appellant's negligence was not in part the efficient cause of the loss of a better market merely because it would not have caused such loss if there had been no negligence on the part of the other carriers, for the same might be said by them of appellant's negligence, and they might not have delayed the train if appellant had not first done so. Where loss actually results from concurring causes no one of them is remote, but all are proximate. A cause can not be concurrent with a proximate cause and remote at the same time. Besides, it will be noted that the requested charge did not seek to have the damages apportioned, but to have the jury instructed not to find "any damages."

No complaint is made of the verdict, which must therefore be treated as establishing the material facts alleged as ground of recovery.

The judgment is affirmed.

                                                    - Affirmed.

Writ of error refused.