PECOS RIVER RAILROAD COMPANY ET AL. v. T. M. LATHAM.

Decided June 10, 1905.

**1.—Cattle Shipment—Market—Evidence.**

Error in admitting evidence by a cattle shipper, who had never transported cattle over the route in question, as to the length of time required to transport the cattle to a certain market, was harmless where it was shown that it was a country market, and had not changed much, if any, during the entire spring covering the time when the cattle should have reached the market.

**2.—Same—Failure to Furnish Cars—Extra Freight as Damages.**

Where a shipper of cattle, because of the failure of a carrier to furnish him with cars, shipped them over another route at a larger freight cost, he was entitled to recover the amount of such extra freight.

**3.—Allegation and Proof—Contract—Variance.**

Where plaintiff alleged that M. and S., the agents of defendants, who acted

for them in making the contract to furnish him with cars, were duly authorized by them to make such contract, proof that he negotiated with S. through letters and telegrams, and consummated a verbal contract with M., did not constitute a fatal variance.

#### 4.—Carriers—Authority of Agent—Evidence.

In order to show the authority of the railroad agent at C. to contract to furnish cars to plaintiff at I., it could be shown that such agent contracted with another party to furnish cars at I., which were so furnished, and also what was the custom among railroad agents in regard to making such contracts.

#### 5.—Same—Concurring Negligence—Connecting Lines—Cattle Shipment.

Where there is a shipment of cattle over connecting lines, one of the roads, while it would not be liable for damages resulting alone from the negligence of the others, would nevertheless be liable for damages resulting proximately from the combined negligence of all the roads, in which its own negligence concurred.

#### 6.—Same—Weak Condition of Cattle—Charge.

A requested charge was properly refused, as misleading, which instructed that, if plaintiff's cattle were damaged, and they were poor and weak, and their poor and weak condition, independent of any other causes, aided, assisted or contributed to the damage, the defendants were not liable for any damage occasioned by reason of the condition of the cattle.

Appeal from the District Court of Reeves. Tried below before Hon. James R. Harper.

*J. W. Terry* and *Ed. J. Hamner,* for appellants.—1. Where two or more causes concur to produce an effect, and it can not be determined which contributed most largely, or whether, without the concurrence of both, it would have happened at all, and the appellants are responsible only for the consequence for one of the causes, a recovery can not be had because it can not be judicially determined that the damage would have been done without such concurrence, so that it can not be attributed to that cause for which appellants are responsible. Woods' Mayne on Damages (Ed. 1880), sec. 53; 1 Sutherland on Damages, 48; Marble v. Worcester, 4 Gray (Mass.), 395; Livie v. Jenson, 12 East, 648; Sharp v. Powell, L. R., 7 C. P., 253.

2. A carrier is not responsible for damages resulting to stock transported by it unless such damages are occasioned by its negligence or wrongs, and if the condition of the cattle themselves caused the damage the carrier is not responsible. Railway v. Anderson, 81 S. W. Rep., 1016; Railway v. Dawson, 78 S. W. Rep., 235; Brandon v. Manufacturing Co., 51 Texas, 128; Railway v. Dickens, 56 S. W. Rep., 125; Railway v. Stribbling, 34 S. W. Rep., 1004.

*T. J. Hefner* and *Pruit & Smith,* for appellee.—1. The contract for the cars and for the shipment of the cattle having been made with E. W. Martindell, the livestock agent of the appellants, the testimony of Latham and Kendall as to general custom among livestock agents at that time to make such contracts was admissible as showing the contract to be within the actual, or, at least, apparent scope of his authority as agent for appellant. Mechem on Agency, sec. 281; Abbott's Mode of Proof, p. 140.

2. To the mind of the jury special charge number 19 would have meant that, if the damage was aided, assisted or contributed to by the weak condition of the cattle, that there could be no recovery, and such is not the law. The charge was ambiguous, and, when properly considered, had no meaning at all. Railway v. Anderson, 81 S. W. Rep., 1016; Gulf, C. & S. F. Ry. v. Moreham, 69 S. W. Rep., 81.

SPEER, Associate Justice.—This suit was instituted by appellee against appellants to recover damages for breach of a contract to furnish him thirty-five stock cars for the shipment of cattle from Big Springs to Panhandle. He recovered a judgment for $4,000, from which this appeal has been perfected. Our conclusions of fact, where necessary, will appear in the discussion of the various assignments of error.

Under the facts of this case there was no reversible error in permitting the witness Tillar to testify as to the length of time required to transport cattle from Big Springs by way of Pecos to Panhandle City. It seems to be true that the witness, although an experienced cattle shipper, had never actually transported cattle over this route. But, since the testimony of all those witnesses who testified to the market at Panhandle indicated that such market was a country market, and not subject to much, if any, change during the entire spring covering the time when, under the terms of the alleged contract, appellee's cattle should have reached Panhandle, the testimony, if erroneous, can not be harmful. The market being the same for weeks prior, as well as weeks subsequent, to the time when, under his estimate, the cattle should have reached their destination, it is immaterial whether his estimate be right or wrong.

Appellants complain that they have been held liable for the additional freights paid by appellee in transporting his cattle to Panhandle over other railroads after their failure to furnish the cars agreed to be supplied. They invoke the principle that, after their breach of contract, it was the appellee's duty to exercise reasonable diligence to avoid or lessen his damages. No one doubts the correctness of this principle, but its application can not relieve appellants in this case. The evidence shows that, after appellants' failure to furnish cars, and while appellee's cattle were being held and suffering injuries, he arranged with the Texas & Pacific and other railroad companies to transport his cattle by way of Fort Worth, rather than by way of Pecos, over the appellants' lines; that while appellee did not, at the time he actually billed his cattle out, request them to be routed over appellants' lines, yet he had previously made such request, and the Texas & Pacific Railway Company refused to furnish the cars for that route. Appellee pleaded that, by reason of appellants' breach of their contract and total failure to furnish him cars, he was compelled to pay this extra freight, and we think the evidence sustains his plea and the law authorizes his recovery. Moreover, we think this principle can not be invoked by appellants for the reason that, in the exercise of ordinary care, a shipper would not be required to make a new contract with a railroad company which had just broken an identical one, and again agree to pay it for services which it was already under legal obligations to perform.

This is analogous to the question decided by us in Sun Manufacturing Co. v. Egbert & Guthrie (84 S. W. Rep., 667).

From what we have already said, to the effect that the market at Panhandle was about the same during the entire spring in which the shipment in controversy took place, it follows that there was no error in permitting the various witnesses to testify as to what that market was on or about the 5th day of May, 1902, the time when the cattle should have reached their destination.

We do not think there was any fatal variance between appellee's allegation "that the agents of defendants, who acted for them in negotiating and making said contract—to wit, E. W. Martindell and Don A. Sweet—were duly authorized by them to make said contract," etc., and his proof that he negotiated with Sweet through letters and telegrams, and consummated a verbal contract with Martindell.

The testimony of the witness Tillar, as to contracts made by him with W. A. Crowder, the agent of the Texas & Pacific Railway at Colorado City, by which cars had been furnished to the witness at Iatan, another station on the line of the Texas & Pacific, was admissible for the purpose of showing that this agent's contract with appellee to furnish the cars at Iatan, rather than at Big Springs, the place originally contemplated, was within the actual scope of Crowder's authority as agent of the Texas & Pacific Railway Company. Appellee testified that Crowder had made such a contract, and the latter not only denied that he had made the contract, but also denied his authority to do so. Nor was there error in admitting the testimony of the witnesses Latham and Kendall as to the general custom among railroad livestock agents in regard to the subject of making contracts for shipping cattle. Such testimony certainly tended to show that the contract alleged to have been made with the livestock agent, Martindell, was, at least, within the apparent scope of that agent's authority, and the pleadings were amply broad to authorize the introduction of proof upon such issue.

We overrule that group of assignments embracing the thirteenth, fourteenth, fifteenth and sixteenth, because we think the evidence sufficient to justify a finding that appellee used all reasonable diligence to prevent damage to his cattle after appellants breached their contract.

The eighteenth assignment of error is predicated upon the court's refusal to give the following special instruction: "If you believe from the evidence that the plaintiff and defendants entered into a contract, as alleged by plaintiff, and that defendants failed to comply with said contract, and in consequence thereof, and as the direct and proximate result of said breach of the contract, the plaintiff's cattle were damaged, and that afterward, after receiving said damage, if any, they were transported over the Texas & Pacific Railroad and the Fort Worth & Denver City Railroad, and while in transit were further damaged by the negligence and improper handling and transportation, and the evidence fails to disclose to you the amount of such damages, and you are unable to determine the exact amount of damages caused before the cattle were received by the Texas & Pacific Railway Company and the exact amount of damage occasioned to said cattle after being received by the Texas & Pacific Railway Company, then you are instructed to

find a verdict for the defendants." In refusing this charge there was no error. It is certainly the law in this State that, if appellants' negligence concurred with the negligence of another in causing damages to appellee's cattle, it could not escape liability. (See Fort Worth & D. C. Ry. Co. v. Byers, 35 S. W. Rep., 1082; Texas & Pac. Ry. Co. v. Smith & White, 34 Texas Civ. App., 571, 79 S. W. Rep., 614; Texas Cent. R. R. Co. v. O'Loughlin, 12 Texas Ct. Rep., 102; Texas & Pac. Ry. Co. v. Slaughter, 12 Texas Ct. Rep., 99; Butterick Publishing Co. v. Gulf, C. & S. F. Ry. Co. (decided by this court June 3, 1905.) While appellant would not be liable for damages resulting alone from the negligence of the Texas & Pacific Railway Company or Fort Worth & Denver City Railway Company, it nevertheless would be liable for damages resulting proximately from their combined negligence. The rule goes even further, and, in personal injury cases, authorizes a recovery even though the negligence of the defendant concurs with the negligence of a fellow servant of the injured plaintiff (Ray v. Pecos & N. T. Ry. Co., 80 S. W. Rep., 112) or with an act of God. (Chicago, R. I. & T. Ry. Co. v. Cain, 84 S. W. Rep., 682.) It is only where the concurrent cause is contributory negligence of the plaintiff that recovery is denied.

We think appellants' special charge number nineteen was properly refused for two reasons: (1) The matter was sufficiently covered in the court's general charge, and (2) the requested charge itself was so worded as to be misleading. The charge reads: "If you find from the evidence that plaintiff's cattle were damaged, and they were poor and weak, and that their poor and weak condition, independent of any other causes, aided, assisted or contributed to the damage, then you are instructed that the defendants were not liable for any damage that might have been, or was, occasioned by reason of the condition of the cattle." It is difficult to understand how a condition, independent of any other causes, could aid, assist or contribute to the damage, as this charge asserts. This is confusing, and for that reason alone could have been refused.

The evidence is sufficient to support the material allegations of appellee's petition, and the finding of the jury that appellants, by reason of the breach of their contract, damaged appellee in the amount of the verdict.

All assignments of error have been considered, and none is thought to present reversible error. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.