HOUSTON & TEXAS CENTRAL RAILROAD COMPANY ET AL. V. FELIX
P. BATH.

Decided October 14, 1905.

### 1.—Measure of Damage to Cotton.

The suit being to recover for the depreciated value of damaged cotton picked from the bales in order to make it merchantable, and not to recover for the depreciated market value of the damaged bales as such, it was not error for the court to charge that the measure of damage would be "such a sum of money as is the difference, if any, between the market value of the cotton damaged and the market value of similar cotton not damaged at the time when the shipment arrived at Liverpool, and also the reasonable and necessary expense of repicking the damaged cotton and putting it in a merchantable condition."

### 2.—Contributing Negligence.

When a carrier's negligence contributes to the damage, it is liable for the whole damage proximately resulting therefrom.

### 3.—Negligence—Burden of Proof.

Where there are several carriers and the evidence shows that the damage occurred while the shipment was in the possession of a certain carrier, the burden is on such carrier to show that it was not guilty of negligence.

Appeal from the District Court of Tarrant. Tried below before Hon. M. E. Smith.

*Spoontz & Thompson* and *C. M. Templeton,* for appellant.—The court erred in giving to the jury the following special charge requested by the plaintiff: "If you believe from the evidence that the injury, if any, to the cotton occurred whilst the same was in possession of any one of the carriers defendant in this case, then, as to the plaintiff, the burden of showing that such injury was without negligence of such carrier is on it, and if you find that the evidence does not show that such injury was without negligence on the part of the particular carrier, if any, in whose possession you find it was at the time of such injury, if any, then as to that carrier you will find for the plaintiff." Gulf, C. & S. F. Ry. v. Cushney, 67 S. W. Rep., 77; Missouri, K. & T. Ry. v. Mazzie, 68 S. W. Rep., 56; Ft. Worth & D. C. Ry. Co. v. Shanley, 10 Texas Ct. Rep., 759.

The burden of the proof was upon the plaintiff to show that none of the damage to the 600 bales of cotton occurred while the same was in the possession of the Galveston, Houston & Henderson Railway Company, and there is not a line or proof in discharge of that burden. Gulf, C. & S. F. Ry. v. Cushney, 67 S. W. Rep., 77.

*A. M. Carter* and *Leroy A. Smith,* for appellee.—On the several questions presented in appellant's brief appellee cited this case on former appeal, 78 S. W. Rep., 993.

The jury was plainly charged to the effect that each of the defendants was liable only for such injury, if any, as the cotton received while in the hands of that particular defendant, and as the direct and proximate result of its negligence, and, especially in the absence of any

request for a charge upon the burden of proof other than what was given by the court, this was all that was necessary. Kirby v. Estell, 58 S. W. Rep., 254; Blum v. Strong, 71 Texas, 321; Stooksbury v. Swan, 85 Texas, 566.

The charge was a correct statement of the law, because when it is shown that goods in the hands of a common carrier are injured while in its possession the burden of proof is on the carrier to show that the injury was not the result of its negligence. Missouri P. Ry. Co. v. China, etc., 79 Texas, 26; St. Louis S. F. Ry. Co. v. Parmer, 30 S. W. Rep., 1109; Houston & T. C. R. R. Co. v. Bath, 44 S. W. Rep., 602.

SPEER, Associate Justice.—This is the second appeal in this case, the former being by the present appellee and found reported in 78 S. W. Rep., 993, which report see for a statement of the nature of the case.   On the last trial there was a judgment in favor of appellee against appellant, Houston & Texas Central Railroad Company, in the sum of $1,425.37.

The court's giving the special requested charge to the effect that the bills of lading given by the Texas Midland Railway Company, the initial carrier as to a part of the shipment, stating that the cotton was in good order, was not evidence in the case that the cotton was in good order, certainly relieves any possible error as against appellant by the admission in evidence of such bills of lading containing such stipulation.

The objection to the witness McKee's testimony with reference to the dray receipts, which was that they were not shown to be executed by the witness, can not be sustained, since the very bill presenting the question shows that the receipts were given by him for the cotton upon its delivery to the steamship company.   The other objections to testimony presented in the second assignment of error were disposed of in the former appeal of this case and will not be again discussed.   A similar disposition might be made of the third assignment of error, in which the testimony of the witness Forsythe is attacked, insofar as the only objection made in the trial court is concerned, and as to the objection that the answer of the witness given by deposition was not pertinent to the interrogatory propounded, it is sufficient to say that no such objection was made in the trial court.   The witnesses Read and Mitchell appear to have been competent as experts, and hence qualified to testify that in their opinion the cotton in controversy had been damaged by fresh water and not by sea water.

There was no error in the court's assuming in his charge that the entire eleven hundred bales of cotton were delivered by appellee to the appellant at Ennis, since such seems to have been the undisputed fact. In view of the fact that the evidence discloses that the cotton was wet while in the hands of appellant, no possible harm could have arisen by reason of the court's failure to specifically place the burden of proof upon appellee to show that the cotton was not wet or damaged prior to its coming into appellant's hands at Ennis.   Indeed, the charge taken as a whole, in view of the facts of the case, is not subject to the criticism of appellant contained in the seventh assignment, that the court should have instructed the jury that the burden of proof was on

the appellee to show that that damage did not occur before the receipt of the cotton by appellant. In paragraph six they were pointedly told that the burden of proof was on appellee to show that the damage was not caused by the steamship company. The eighth assignment of error is not considered because the same is unintelligible and is not supported by the statement following it. The ninth assignment is not considered because the supposed error therein pointed out is to the prejudice of the Galveston, Houston & Northern Railway Company, and this company appears not to have appealed. Insofar as the latter part of the assignment affects the rights of appellant, it is sufficiently answered by the sixth paragraph of the court's charge already referred to. There is no error in the court's charge with reference to the measure of damage, to the effect that such damages should be assessed at "such a sum of money as is the difference, if any, between the market value of the cotton damaged and the market value of similar cotton not damaged, at the time when the shipment arrived at Liverpool; and also the reasonable and necessary expense of repicking the damaged cotton and putting it in a merchantable condition, if you find it was necessary to repick it, with six percent interest, etc.," when it is remembered that the suit is to recover for the depreciated value of damaged cotton picked from the bales in order to make them merchantable, and not to recover for the depreciated market value of the damaged bales as such.

Special charge "B" was sufficiently embraced in paragraph six of the court's main charge, and special charge "C" was properly refused because it would be no defense to this appellant that the steamship company could, by the exercise of ordinary care, have prevented the development of the injuries resulting to appellee's cotton in the first place by reason of appellant's negligence in allowing it to become wet. In such case appellant's negligence is at least a contributing cause, and it would be liable for the whole damages proximately resulting therefrom. This is the same principle discussed by this court in Fort Worth & Denver City Railway v. Byers, 35 S. W. Rep., 1082; Texas & Pacific Railway Company v. Smith and White, 79 S. W. Rep., 614; and Texas & Pacific Railway Company v. Slaughter, 84 S. W. Rep., 1085. Special charge "D" is subject to the same vice as special charge "C," and the further one that there seems to have been no evidence of negligence upon the part of the Galveston, Houston & Henderson Railroad Company, upon which assumption the same was requested. There was no necessity for giving special charge "E," since the court's general charge sufficiently indicated that appellee should recover against appellant for such damages only as were the proximate result of its negligence, and because further there was no evidence that any carrier subsequent to the defendants in this action was guilty of any negligence whatever in handling the shipment.

The court, at the instance of appellee, instructed the jury as follows: "If you believe from the evidence that the injury, if any, to the cotton occurred whilst the same was in possession of any one of the carriers defendant in this cause, then as to the plaintiff the burden of showing that such injury was without negligence of such carrier is on it, and if you find that the evidence does not show that such injury was without negligence on the part of a particular carrier, if any, in whose pos-

session you find it was at the time of such injury, if any, then as
to that carrier you will find for the plaintiff." This is objected to
generally, and is adopted by appellant as its proposition and statement,
but we fail·to discover any error in the charge. We think it is in
keeping with the rule upon the question of burden of proof as an-
nounced in the cases of Gulf, Colorado·& Santa Fe Railway Company
v. Cushney, 67 S. W. Rep., 77; Missouri, Kansas & Texas Railway
Company v. Mazzie, 68 S. W. Rep., 56; and Fort Worth & Denver City
Railway Company v. Shanley, 10 Texas Ct. Rep., 759.

The verdict and judgment, both upon the questions of negligence of
appellant and amount of recovery, are fully supported by the testimony
and all assignments raising these questions are therefore overruled.
Finding no error in the record, we affirm the judgment.

*Affirmed.*

Writ of error refused.