TEXAS & P. RY. CO. v. WOLDERT GROCERY CO. (No. 1818.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 27, 1917. Rehearing Denied Jan. 10, 1918.)

CARRIERS ☞136 — SHIPMENT OF PEACHES— ACTION—DIRECTED VERDICT.

In action against carrier for decay of car of peaches shipped from Texas to Indianapolis, where there was an inference of full refrigeration from payment of full charge therefor, and there was no showing that the time in transit, about 96 hours, was not reasonable dispatch, mere showing of delivery to initial carrier in good condition and delivery by terminal carrier in bad condition, with testimony that the peaches should have carried 60 to 72 hours under proper refrigeration, did not warrant directed verdict for plaintiff, for, where the inferences as to the carrier's negligence or fault are conflicting and not conclusive, the case is for the jury.

Appeal from Smith County Court; Jesse F. Odom, Judge.

Action by the Woldert Grocery Company against the Texas & Pacific Railway Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

The appellee company was the shipper of a carload of second-grade peaches from Clyde, Tex., consigned to Geo. H. Hitz & Co., Indianapolis, Ind. The appellant company issued a bill of lading reciting that it—

"received from the Woldert Grocery Company 414 bushel baskets of Elberta peaches consigned to Geo. Hitz & Co., Indianapolis, Indiana, to be routed over the St. Louis, Iron Mountain & Southern Railway and Big Four Railway at a rate of 69 cents per hundred pounds, the car to be iced to full capacity to destination showing a refrigeration of twenty thousand pounds."

It was proven by appellee that the peaches were in good condition when loaded in the A. R. T. car at Clyde, and should have carried in that condition from 60 to 72 hours under proper refrigeration. It was shown that the peaches reached Indianapolis on the morning of August 9, 1913, and that they were in an overripe condition, bruised, and showing decay. The consignees refused the shipment, and on telegraphic order of appellee made sale thereof for the appellee. The peaches were sold by the consignees for $612.30; and after deducting the freight, car service, cartage, icing, and commissions, they remitted the appellee the balance amounting to $318.10. The appellee brought the suit for damages for $302.90 and interest, alleging that the defendant company negligently (1) failed to furnish a suitable and properly equipped car; (2) failed to transport the peaches safely and within a reasonable time and with due and proper care; and (3) failed and refused to properly ice the car in transit. The defendant, besides denial, pleaded a want of negligence on its own part and on the part of its connecting carriers, and the stipulation that no carrier should be liable for loss or in-

jury not occurring on its own road or on its portion of through route, and the stipulation respecting the computation of the loss or damage for which any carrier was to be liable. The court peremptorily instructed a verdict for the plaintiff.

Young & Stinchomb, of Longview, Simpson, Lasseter & Gentry, of Tyler, and Geo. Thompson and R. S. Shapard, both of Dallas, for appellant. Price & Beaird, of Tyler, for appellee.

LEVY, J. (after stating the facts as above). Appellant insists that the court erred in peremptorily instructing a verdict for the plaintiff for the sum sued for, because (1) in the circumstances of this case any inference of negligence proximately causing damages to the peaches was within the province of the jury, and (2) the amount directed to be found included items not authorized to be recovered in this case. The undertaking of the railway company was only, it appears, to transport the peaches with reasonable dispatch in a car to be iced to full capacity showing a refrigeration of 20,000 pounds. The only evidence respecting the icing of the car is that appearing in the recitation of the freight bill paid, which is "the aggregate freight of $220.49, including refrigeration charges and the East St. Louis boat transfer." And all the evidence respecting the transportation of the peaches is that the loading of the peaches into the car at Clyde, Tex., was completed at 11:30 o'clock a. m. on August 5, 1913, and the car was forwarded from that station at 1:20 p. m. of the same date and arrived at destination on the morning of August 9th, and delivery was then made to the consignees. It is shown that at the time the peaches were put into the car they were in good condition, "and should have carried from 60 to 72 hours under proper refrigeration." Refrigeration would not entirely retard, it is shown, the natural processes of decay of the peaches. At the time of delivery at destination they were in an overripe condition and showing decay. Thus according to the evidence it may be concluded that the peaches in their condition at the time of shipment would carry and not become overripe upon proper refrigeration for 60 to 72 hours from date of shipment. But an inference in the circumstances is authorized that after 72 hours the natural process of overripeness and decay in the peaches would not be entirely retarded, even though refrigerated. And while there is no direct evidence that the car was or was not refrigerated, there is the circumstance authorizing an inference of full refrigeration that the full refrigeration charges were demanded and paid. From 1:20 p. m. of August 5th, the date of shipment, to the morning of August 9th, the date of arrival at destination, was more than 72 hours. And there is nothing in the circumstances tending

to show that the time thus taken in transporting the car of peaches to destination was not usual and ordinary and with reasonable dispatch. As a matter of law the court may not say that the time was unreasonable and not with reasonable dispatch. It the natural process of overripeness and decay in the peaches would be retarded by proper refrigeration for 72, and more than 72 hours was a required time for reasonable dispatch of the car to destination, then the presumption from circumstances would be conflicting as to whether negligent refrigeration or transportation or natural processes caused the peaches to become overripe and show decay, as appeared to be the damage. It is laid down as a rule of evidence that proof by the plaintiff that the goods were delivered to the initial carrier in good condition and were delivered by the terminal carrier in a damaged condition raises a presumption, not conclusive, but prima facie, of negligence or fault on the part of the company. Railway Co. v. Mazzie, 29 Tex. Civ. App. 295, 68 S. W. 56. And where the inferences that may be drawn from the circumstances in the particular case respecting negligence or fault on the part of the carrier are conflicting and not conclusive the court is not warranted in withdrawing the case from decision by the jury. Railway Co. v. Richmond & Tiffany, 94 Tex. 571, 63 S. W. 619. In view of all the circumstances the court, it is believed, should have passed the case to the jury for decision. It becomes unnecessary to decide the point made respecting the stipulation as to amount of recovery, since the allegations in the petition did not cover the special damages of cartage and commissions.

The court did not err in sustaining the exception to paragraph 5 of the defendant's answer. Railway Co. v. Ray, 127 S. W. 281; Railway Co. v. Meyer, 155 S. W. 309.

The judgment is reversed, and the cause remanded.