HOUSTON & TEXAS CENTRAL RAILROAD COMPANY ET AL V. A. K. SCOTT.

No. 1473.    Decided November 19, 1905.

**1.—Carriers—Connecting Lines—Damages—Presumption.**

On a shipment of cattle over three connecting lines of railway uniting to make a through rate and billing, but limiting the liability of each to damages inflicted on its own line, where the proof showed delay and damages on the line of the initial and of the intermediate carrier, but not on that of the terminal one it was error to charge that the terminal carrier, in order to relieve itself from any part of the entire damage, must show that such damage and how much of it occurred on the line of the preceding carriers.  (Pp. 329, 330.)

**2.—Same—Case Distinguished.**

A shipment of live stock is distinguishable from that of furniture involved in the case of Gulf C. & S. F. Ry. Co. v. Edloff, 89 Texas, 454, in that it is impracticable for the terminal carrier to determine, before receiving it, the amount of damages occasioned by delay in the transportation by preceding connecting lines, consistently with its duty to receive and promptly forward the shipment.  (Pp. 330, 331.)

**3.—Cattle Shipment—Delay—Choice of Lines.**

Where a shipper demanded transportation of his cattle over the shortest route by connecting lines to their destination at a fixed through rate, but there was no custom or arrangement by which the initial carrier could contract for carriage over such lines at the rate named, and the shipper accordingly accepted a routing over other and longer connections making such through rate, neither of the connecting lines could be held liable for damages from the delay incident to adopting the longer line.  Houston & T. C. R. R. Co. v. Everett, ante, p. 130, followed.  (P. 331.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Llano County.

Scott sued the Houston & T. C. R. R. Co., the Gulf C. & S. F. Ry. Co. and the Atchison T. & S. F. Ry. Co. and recovered judgment from which the defendants appealed. On its affirmance they obtained writ of error.

*S. R. Fisher* and *J. H. Tallichet,* for plaintiffs in error.—Plaintiff alleged that, at the time when he shipped the cattle involved in this suit he demanded that they be routed by way of Lampasas, which defendant refused to do, and that he thereupon entered into a contract in writing with defendant for the transportation of said cattle by way

of Brenham. To that portion of said petition which alleged the demand for the Lampasas routing, defendant demurred on the ground that plaintiff was bound by his written contract, which demurrer was overruled. The court erred in overruling said exception, because plaintiff was bound by his written contract, and because antecedent negotiations could not operate to vary the same. Wells, Fargo & Co.'s Express v. Fuller, 23 S. W. Rep., 412.

The court erred in refusing to give defendants' special instruction, because the same would have correctly advised the jury that if the plaintiff demanded of the Houston & Texas Central Railroad Company that his cattle be routed by way of Lampasas, and that said cattle be waybilled through at the rate of $63.25 per car, and that under the rules and regulations of defendant and its connecting carriers in force at said time, said through rate did not apply by said route, and that if said cattle could only be waybilled through at said rate, under said rules and regulations, by way of Brenham, that the plaintiff could recover no damages for injuries to his cattle caused by their transportation by the Brenham route. This issue was raised by the pleadings and the evidence, but was ignored by the court.

The court erred in the ninth paragraph of its charge (on the law of the case) because the same advises the jury that the burden rests upon the last carrier, the Atchison, Topeka & Santa Fe Railway Company, to show from the evidence that the alleged damage to plaintiff's cattle occurred on the line or lines of some other carrier, and that the same rule would also apply to the next preceding carrier, because said charge is calculated to cause the jury to believe that the evidence referred to must be adduced by the defendants, and to cause them to ignore plaintiff's evidence, which showed that his cattle had a good run over the lines of said two Santa Fe companies. Gulf, C. & S. F. Ry. Co. v. Hill, 29 Texas Civ. App., 12; Texas & Pac. Ry. Co. v. Reed, 88 Texas, 439; St. Louis & S. W. Ry. Co. v. Martin, 63 S. W. Rep., 1089; International & G. N. Ry. Co. v. Lewis, 63 S. W. Rep., 1092.

The court erred in said paragraph of its charge on the law of the case, because the same incorrectly and improperly shifts the burden of proof from the plaintiff to the defendants.

The court erred in the ninth paragraph of its charge, because the same advises the jury that the burden of proof rests upon the two Santa Fe companies to show that the damage to plaintiff's cattle occurred on the line of the initial carrier, or a part of such damage, showing how much so occurred, in order to relieve themselves from the alleged presumption against the delivering carrier, or the carrier immediately preceding the delivering carrier; whereas plaintiff alleged that a large part of the damage to his cattle was caused by the selection of the long Brenham route, by the initial carrier, and no such presumption could exist with reference to damage caused by the use of said route.

*McLean & Spears,* for defendant in error.—Plaintiff alleged that at the time when he demanded the cars, and the agent of the defendant Houston & Texas Central Railway Company named the through rate, that plaintiff then and there also demanded that said cattle be routed

by way of Lampasas, or by way of McNeil and Milano Junction, and that the agent then and there agreed and promised to route and ship said cattle by way of Lampasas, and that the written contract for shipment by way of Brenham was executed under duress of circumstances and without consideration, and defendant's said special exception was properly overruled. Missouri, K. & T. Ry. Co. v. Carter, 9 Texas Civ. App., 698; San Antonio & A. P. Ry. Co. v. Wright, 49 S. W., 148; Missouri, K. & T. Ry. Co. v. Darlington, 40 S. W., 550; Missouri, K. & T. Ry. Co. v. Withers, 40 S. W., 1073.

The allegations in plaintiff's petition showed that said written contract to ship by way of Brenham was executed under duress of circumstances and without consideration, notwithstanding the verbal agreement to ship by way of Lampasas, also set out in said petition, and court's rulings on defendants' bill of exceptions No. 1 was correct.

The evidence shows that plaintiff demanded that his cattle be shipped by way of Lampasas, and that the defendant Houston & Texas Central Railway Company shipped them by way of Brenham over plaintiff's protest, and by sworn plea plaintiff denied the execution of the written contract set up in said defendant's answer, and also pleaded a general denial to said answer, and the written contract referred to was not offered in evidence, therefore it was proper for the court to submit to the jury the issue of whether or not the defendant was liable for shipping his cattle by way of Lampasas instead of Brenham. Fort Worth & D. C. Ry. Co. v. McAnulty, 7 Texas Civ. App., 324.

The evidence shows that plaintiff's cattle were in good condition when received at Llano for shipment, that there were unreasonable delays and rough handling on the part of the defendants, along the line of shipment, while the cattle were in their possession and that the cattle were delivered in a damaged condition at Fairfax, and defendant having failed to rebut such evidence plaintiff was entitled to recover. St. Louis & S. F. Ry. Co. v. Parmer, 30 S. W., 1110; Ryan v. Missouri, K. & T. Ry. Co., 65 Texas, 13; Missouri P. Ry. Co. v. China Mfg. Co., 79 Texas, 28; Missouri P. Ry. Co. v. Scott, 4 Texas Civ. App., 79; Hannibal Ry. Co. v. Swift, 12 Wall., 262.

As to the criticism on the ninth paragraph of the court's charge, with reference to the presumption of liability on the part of the terminal carrier, we are confident that it contains no merit. This charge it will be observed, has no bearing on the case except as to the liability of the defendants, as between themselves. The giving of this charge is not reversible error, first, because of the limitations and qualifications contained in other portions of the charge; and second, because it appears from the record that no injury was occasioned thereby, there being no conflict of interests between the defendants, who made a joint and common defense.

BROWN, ASSOCIATE JUSTICE.—This suit was instituted in Llano County against the Houston & Texas Central Railroad Company, the Gulf, Colorado & Santa Fe Railway Company and the Atchison, Topeka & Santa Fe Railway Company, to recover for damages charged to have been sustained by the plaintiff in the shipment of certain cat-

tle from Llano, Texas, to Fairfax, Oklahoma Territory. For the purposes of this case the following statement of the evidence will suffice:

A. K. Scott desired to ship a lot of cattle from Llano, Texas, to Fairfax, Oklahoma Territory, and about the 10th day of April, 1903, he filed his written demand for cars with the agent of the Houston & Texas Central Railroad Company at Llano, and, on the 17th of that month, the cars having been furnished, Scott loaded his cattle for shipment and entered into a contract with the Houston & Texas Central Railroad Company, by its agent, for the shipment of the cattle by way of Brenham, there to be delivered to the Gulf, Colorado & Santa Fe Railway Company, and, at the latter place, he entered into a like contract with the last named company for shipment of the cattle from Brenham to Fairfax over the Gulf, Colorado & Santa Fe Railway Company and the Atchison, Topeka & Santa Fe Railway Company. In each contract the liability of the carrier was limited to its own line. The cattle were waybilled through from Llano to Brenham over the railroads indicated to Fairfax at a through rate of freight of $63.25 per car. At the time that Scott made the demand for cars he stated to the railroad agent at Llano that he wished to ship the cattle by way of Lampasas and at that time he was informed by the agent that he could not ship them by that route except as local freight, that he could not give him a through waybill nor through rate. Scott wanted to go by Lampasas, but he wished a through waybill and through rate of freight. The cattle were loaded and left Llano on the 17th of April, 1903, at 9.30 o'clock p. m., and arrived at Fairfax on the 20th of April at 4:00 p. m., being out about sixty-six hours. The trip could have been made by ordinary diligence by Lampasas in thirty-three hours. There was evidence of delay at Cleburne of about nine hours in the cars and at other points for shorter periods. There is no evidence of the usual time required to make the trip by the route the cattle were sent. There is some evidence of rough handling of the cattle on the way. When the cattle left Llano they were in good condition, and when they arrived at Fairfax they were in bad and damaged condition. The son of Scott and some of his employes accompanied the cattle from Llano to Fairfax. The petition charged that by sending the cattle by Brenham instead of by Lampasas the cattle were unreasonably delayed.

At the trial the court charged the jury as follows: "If you believe from the evidence that plaintiff's cattle were in good condition when they were received by the initial carrier, the defendant Houston & Texas Central Railway Company, and that they were in a damaged condition when delivered by the terminal carrier, the defendant Atchison, Topeka & Santa Fe Railway Company, and that said damaged condition, if any, resulted from the negligence of defendants and was the direct and proximate result thereof, if defendants were guilty of any negligence, then it devolved upon said terminal carrier to show that such damage, if any, did not occur on its own line, and it can not acquit itself of liability, if any, for the whole damage, if any, by simply showing that a part of it, if any, also occurred on the line of a preceding carrier, if it did, but must show how much damage, if any, so occurred. And if

you find from the evidence that said terminal carrier has succeeded in showing that no part of said damage, if any, occurred on its line, or that it has succeeded in showing that a part of such damage, if any, occurred on the line of a preceding carrier, if it did, and how much so occurred, if it did, then the next preceding carrier would have the burden of acquitting itself in the same manner, and if you find from the evidence that it succeeded in doing so, then the burden would rest upon the initial carrier to show that it was not liable for any damage to said cattle. This paragraph is to be taken in connection with the entire charge." The jury returned a verdict for the plaintiff and judgment was entered in accordance therewith, which the Court of Civil Appeals affirmed.

The petition alleges that the Houston & Texas Central Railroad Company caused unreasonable delay by shipping the cattle over a route greater in distance by two hundred miles than that over which the plaintiff demanded that his cattle should be sent, and the witnesses for the plaintiff testified to delay at Cleburne on the Gulf, Colorado & Santa Fe Railroad of about seventeen hours. One of the men who accompanied the shipment through to Fairfax, testified that he did not remember any delay between Cleburne and Fairfax; no witness testified to any delay on the Atchison, Topeka & Santa Fe Railroad. Notwithstanding this evidence which showed that the last carrier had been guilty of no negligent delay, the charge given by the court authorized the jury to presume that the last carrier had caused all the delay that occurred on the entire trip, and thereby had produced all the damage to the cattle which arose from delay. This charge set presumption above evidence, instead of authorizing presumption in the absence of evidence, and was calculated to lead the jury to assess against the Atchison, Topeka & Santa Fe Railway Company all damages which the jury were not able to attribute definitely to the negligence of either of the other roads. This was error for which the judgment must be reversed.

The facts of this case very clearly distinguish it from the case of Gulf, Colorado & Santa Fe Railway Company v. Edloff, 89 Texas, 454. In that case the freight carried was furniture, and the last carrier had an opportunity of inspection and could well determine the extent of the damage before receiving it. By proving that a certain piece of furniture was broken or damaged at the time it was received the company would be able easily to show what the damages amounted to, because the value of the furniture would be easily ascertainable, piece by piece. In this case the shipment was of cattle and the injury resulted from the bad condition caused largely by unreasonable delays in the course of transportation. This delay began at the inception of the trip in the fact that the cattle were sent out of the way two hundred miles, according to plaintiff's claim, therefore when at Brenham they were about as far from Fairfax as when they left Llano, and the time consumed in reaching Brenham caused so much delay in reaching the destination, which, cooperating with the delay that may have occurred between Brenham and Fairfax, produced the injury. It would be impossible for the last carrier to show to what extent the cattle were in-

jured by the act of the Houston & Texas Central Railroad Company, or what damage arose from delay on the Gulf, Colorado & Santa Fe Railroad. The question is analogous to that of the amount to be awarded for mental anguish in personal injuries, and the only thing that can be done to ascertain the rights of the parties in such a case is to submit it to the good judgment of a jury to determine as best they can from all the testimony what effect the negligence of each carrier had in producing the bad condition the cattle were in when delivered. In the nature of things such fact is not susceptible of definite and exact ascertainment, and the rule of presumption which would charge the last carrier with the duty of showing the extent and amount of injury arising to the cattle from the acts of the first carrier could not be sustained by any reason upon which the rule rests. The Atchison, Topeka & Santa Fe Ry. Co., had not the opportunity to know the exact condition of the cattle at the time it received them and to determine then what effect the previous delay had upon their value; the delay necessary for such investigation would have caused greater injury. The evidence clearly shows that when the cattle were received by the Atchison, Topeka & Santa Fe Railway Company they were not in the same condition as when delivered to the Houston & Texas Central Railroad Company, therefore the basis of the presumption does not exist. The charge was not applicable to the facts of this case. 6 Am. & Eng. Ency. Law, 653.

The defendants requested the trial court to give this charge, which was refused: "You are instructed that if you believe from the evidence that the plaintiff, A. K. Scott, demanded of the defendant, the Houston & Texas Central Railroad Company, that his cattle be waybilled through by way of Lampasas at the through rate of $63.25 per car, and if you further believe that under the tariffs and reasonable regulations of defendants, Houston & Texas Central Railroad Company and the connecting carriers, in force on April 17, 1903, such through billing and through rate did not apply by the Lampasas route, then the plaintiff can not recover damages for the injuries, if any, which may have been suffered by said cattle on account of their transportation by way of Brenham, instead of by way of Lampasas." This presents the same issue raised by the charge requested and refused in the case of Houston & Texas Central Railroad Company v. Everett, decided by this court at this term. The refusal of the charge was error and for reasons and authority in support of this ruling we refer to the Everett case.

The judgments of the District Court and the Court of Civil Appeals are reversed and this cause is remanded.

*Reversed and remanded.*