Gulf, Colorado & Santa Fe Railway Company and Atchison, Topeka & Santa Fe Railway Company v. Geo. C. Edloff.

No. 384.—Decided April 13, 1896.

1. **Allegation of Partnership Not Denied.**

Suit in Dallas County for injury to freight shipped at Chicago for Dallas, against the Gulf, Colorado & Santa Fe Railway and the Atchison, Topeka and Santa Fe Railway Company. The latter denied the partnership alleged in the petition, but not under oath. Held, that upon liability of the former appearing, the latter could not complain that the judgment was rendered against it also for the whole amount.

2. **Connecting Carriers—Damage—Presumption.**

When plaintiff showed that the goods, shipped in good order at Chicago by the A. T. & S. F. Railway for Dallas, when tendered by the G. C. & S. F. Railway to him at Dallas were in a damaged condition, he made a prima facie case against said company for the full amount of the damage. In order to escape liability, in whole or in part, it devolved upon said company to show that such damage as it disputed its liability for occurred on another line. Simply showing that the goods were damaged to some extent when delivered to it does not affect the prima facie case.

ON REHEARING.

3. **Denial of Partnership—Pleading.**

The Statute (Art. 1265, par. 6), prescribes that an answer setting up "a denial of partnership as alleged in the petition" shall be verified by affidavit. Such denial is sufficient if it alleges "that said (naming them) were not partners as alleged," and under oath.

4. **Same—Specific Denial.**

A denial of the alleged partnership at the time of filing the answer is not a specific denial of the partnership at the date of the alleged contract under which the alleged liability arose.

Error to Court of Civil Appeals for Fifth District, in an appeal from Dallas County.

The opinions give a sufficient statement.

*Alexander, Clark & Hall,* for plaintiff in error, the A., T. & S. F. Ry. Co., cited: 1 Lindley on Partnership, 93; 1 Greenleaf on Evidence, sec. 177; 2 Bates on Partnership, 1128; Railway v. Whitley, 77 Texas, 130; Heffron v. Pollard, 73 Texas, 102; Railway v. Adams, 78 Texas, 375; Railway v. Baird, 75 Texas, 256; Railway v. Williams, 77 Texas, 124.

*J. W. Terry,* for plaintiff in error, the A., T. & S. F. Ry. Co., cited: McCarn v. Railway, 84 Texas, 352; Railway v. Baird, 75 Texas, 266; Pullman Palace Car Co. v. Railway, 115 U. S., 587; Edwards v. Dickson,

6G Texas, 618; Echols v. McKie, 60 Texas, 43; Ryan v. Railway, 65 Texas, 15; Myrick v. Railway, 107 U. S., 106; Arnold v. Jones, 26 Texas, 335; Railway v. Garrett, 52 Texas, 139; 2 Myer's Dig., pp. 919, 920; 2 Sayles' Texas Dig., p. 1009; Porter on Law of Bills of Lading, secs. 64, 65; Hutchison on Carr., secs. 126, 127; Taylor v. Railway Co., 32 Atl. Rep., 905; Kaufman & Runge v. Babcock, 67 Texas, 244; Railway v. Wright, 1 Texas Civ. App., 404; Railway v. Hughes & Rathwell, 31 S. W. Rep., 411; Railway v. Jones, 26 S. W. Rep., 596; Taylor v. Long, 16 S. W. Rep., 1084.

*Watts, Eldridge & Eckford,* for defendant in error.

DENMAN, Associate Justice.—Edloff sued defendants Atchison, Topeka & Santa Fe Railroad Company and Gulf, Colorado & Santa Fe Railroad Company in the District Court of Dallas County, Texas, for damages alleged to have been done to a carload of furniture shipped from Chicago, Illinois, to Dallas, Texas.

The petition alleged: (1) That defendant companies were, at the time of the shipment, partners in the transportation of goods, wares and merchandise and other personal property, as common carriers, and constituted, with other lines owned by the company first mentioned, what was known as the "Santa Fe Route;" that if they were not partners, then the first company was at said·date and is now the owner of all the capital stock of the latter and the practical owner and controller of same, and they were and are practically one line; that said "Santa Fe Route"—that is, the said Atchison, Topeka & Santa Fe Railroad Company, received said furniture at Chicago in good order and condition, to be transported to Dallas, Texas, and there delivered to plaintiff for valuable consideration, according to the terms of the bill of lading attached to the petition, and that in receiving the same, said company acted both for itself and the Gulf, Colorado & Santa Fe Railroad Company, whereby both companies as common carriers were obligated and bound to transport the furniture to Dallas and deliver the same to plaintiff in like good order and condition as when received; that said goods when they arrived at Dallas and were delivered to plaintiff were in a badly damaged condition, setting out specifically the nature of the damage. (2) That if plaintiff is mistaken in the foregoing allegations of partnership, etc., then the petition declares that at said time said companies were common carriers of freight, operating and owning connecting lines of railways from Chicago, Illinois, to Dallas, Texas; that said Atchison, Topeka & Santa Fe Railroad Company received the furniture in good order and condition, at Chicago, to be transported and delivered to plaintiff at Dallas in like order, and that the Gulf, Colorado & Santa Fe Railroad Company received same from its co-defendant at Purcell, Indian Territory, the point of connection of their lines, and was bound and agreed to transport same over its line and deliver same in like good order to plaintiff at Dallas;·that both of said lines failed to transport same with diligence and care, but that said furniture

was damaged, injured and lost while upon both of said lines of railway.

In addition to the above counts or subdivisions of the petition, the amount of plaintiff's damages was alleged, that he is unable to state how much damage accrued on each line, and that, although he has demanded settlement of each company, both have refused to pay any part of said damage, and he prayed for judgment against both defendants and for general relief.

The Atchison, Topeka & Santa Fe Railroad filed its sworn plea of privilege, claiming the right to be sued in El Paso County, setting up various facts, but said plea did not contain a denial of the existence of the partnership alleged in the petition. The trial court, after hearing the evidence, overruled said plea, and its action thereon, having been affirmed by the Court of Civil Appeals, is assigned as error here. We are of opinion that no other judgment could have been rendered under the pleadings, for the fact of partnership, being alleged in the petition and not denied in the answer, must have been assumed by the trial court to be true, and therefore the Atchison, Topeka & Santa Fe would be liable as partner for whatever damage may have been properly adjudged against the Gulf, Colorado & Santa Fe. Rev. Stats., art. 1263; I. & G. N. Ry. Co. v. Tisdale, 74 Texas, 8. For this reason we do not deem it necessary to discuss the question as to the sufficiency of evidence introduced on this plea to establish the fact of partnership.

The answer of the Atchison, Topeka & Santa Fe Railroad Company consisted of (1) a general denial; (2) that the goods were shipped under the contract contained in the bill of lading, which stipulated that the liability of defendant should be limited to its own line, and that for all damage to the goods in transit the remedy should be solely against the carrier in whose custody the goods might be at the time of the injury, and that it delivered the goods in good condition to the Gulf, Colorado & Santa Fe Railroad Company at Purcell, the terminal point of its line. The answer contained no specific denial of the existence of a partnership, and was not sworn to.

The answer of the Gulf, Colorado & Santa Fe Railroad Company consisted (1) of a sworn denial of the existence of the partnership alleged in plaintiff's petition, and an allegation that its line was entirely distinct and separate from that of the other lines in the Santa Fe system, and that this shipment was made by this defendant on its own account only, as a connecting carrier, its only obligation being to protect the guaranteed rate of freight, wherefore it claimed that it was neither a necessary nor proper party to the suit against the Atchison, Topeka & Santa Fe Railway Company; (2) a general denial; (3) that it received the car of furniture from the Atchison, Topeka & Santa Fe at Purcell, Indian Territory, the northern terminal of its road; that it transported the same carefully and without any negligence upon its part, from Purcell to Dallas, and there delivered it to plaintiff in the same condition as it was when it was received at Purcell.

On the trial of the cause before the court without a jury, the court

found, among other facts not necessary to state, that the car of furniture was properly loaded and in good order and condition; was delivered to the Atchison, Topeka & Santa Fe at Chicago to be transported to Dallas, and there delivered to plaintiff; that when said car arrived at Dallas, the furniture was in a broken and damaged condition; that such damage occurred during the transit from Chicago to Dallas, partly upon the lines of each of said companies, the total damage amounting to $2254, for which it rendered judgment against both defendants, which judgment having been affirmed by the Court of Civil Appeals, each of the defendants applied to and obtained a writ of error from this court. The principal ground upon which the writ of error was granted was that assigned by the Gulf, Colorado & Santa Fe Railroad Company, to the effect that the "court erred in rendering any judgment against it, for the reason that the evidence disclosed conclusively that the shipment was properly handled and cared for on appellant's line, that it was received in a damaged condition from the initial carrier and delivered in substantially the same condition at Dallas."

The evidence does not disclose how the car of furniture was handled on the route from Chicago to Purcell.

A. P. Griffith, the conductor of the Gulf, Colorado & Santa Fe Railroad, testified that he, as such conductor, hauled the car of furniture from Purcell to Gainesville, Texas; that when he first saw the car at Purcell the north door was open, having no seal on it, and he "saw inside the car that the furniture and fixtures were in bad condition; it looked as if the car had been badly loaded or roughly handled or had been broken into and pilfered," that he caused the door to be nailed up and sealed and that in hauling it from Purcell to Gainesville, it was properly handled.

The other two conductors of this defendant, who hauled the car on different portions of the route from Gainesville to Dallas, testified that the car was in good condition and was properly handled during the time it was in their possession. Various witnesses, including plaintiff and the Gulf, Colorado & Santa Fe Railway Company's agent at Dallas, testified to the bad condition of the car and the furniture on its arrival at that point. The undisputed testimony showed that the car was in good condition when it left Chicago, and the testimony of the mechanic who loaded the same, which is not disputed by any witness, was to the effect that he was an expert in loading furniture and that he superintended the loading of this car and that the furniture was "carefully loaded, well braced and supported and packed with excelsior and paper. The men engaged in said work were of long experience and used all the care and diligence possible in loading said car."

One witness, in discussing the condition of the car and furniture at the time it reached Dallas, said: "It was not sealed, but it was nailed up. The doors had been broken off and the sides of the car were shivered up just above the doors and a cross piece was nailed outside the door to keep the door closed, I reckon; it was nailed up and down. * * *

After it was opened, I saw a lot of stuff broken up in there and it was all lying about in a loose condition in the car.  *  *  *  It was mashed up so that I could not tell you how it was; broken up badly, a good deal of it in splinters.  I think it was a car that was turned over, from the way it was shivered up between the corner and the cross piece.  I think it was caused by a wreck in the furniture, that shiver was, the furniture jabbing through it.  That was the south end of the car."

The plaintiff testified: "I have handled furniture a good long time. Furniture in that condition in a shipment of that kind could not be transported any distance much and not receive additional damage, not a car like that; I don't think it could have been transported three miles or one block further in a car like that without receiving additional damage."

There is no evidence in the record tending to show that the Gulf, Colorado & Santa Fe Railroad Company, when it received the car in the damaged condition at Purcell, made any effort to repack the furniture or "brace" it in any manner so as to prevent damage by transportation, the sole precaution taken being, as above stated by the conductor, to nail up the door.  We are unable to say, in view of the above testimony, that the trial court was not authorized to find that the furniture was damaged in part by the haul over the route from Purcell to Dallas through the negligence of the Gulf, Colorado & Santa Fe.  Plaintiff's testimony above quoted, to the effect that the car could not have been hauled without damaging the furniture, was not contradicted, and even if it had been, it was a question of fact of which this court has no jurisdiction.

There is no evidence in the record tending to show the amount of damage done to the furniture before it reached and after it left Purcell.

When the plaintiff showed the goods to have been in a damaged condition when tendered to him by the Gulf, Colorado & Santa Fe Railroad Company at Dallas, he made a prima facie case against said company for the full amount of the damage.  In order to escape liability, in whole or in part, it devolved upon said company to show that such damage as it disputed its liability for occurred on another line.  Simply showing, as it has done in this case, that the goods were damaged to some extent, without attempting to show how much, when delivered to it, does not defeat or in any wise meet plaintiff's prima facie case.

We are therefore of the opinion that plaintiff was entitled, under this state of the evidence, to a judgment against the Gulf, Colorado & Santa Fe Railroad Company for the full amount recovered.  We are also of the opinion that since there was no sufficient plea on the part of the Atchison, Topeka & Santa Fe Railroad Company denying the partnership alleged in the petition to have existed between the two companies, it was also liable for the full amount of the damage assessed against the Gulf, Colorado & Santa Fe, and that therefore the joint judgment against the two was properly rendered.  Railway v. Tisdale, 74 Texas, 8; Baylor Co. v. Craig, 69 Texas, 330.  It may be that the Atchison, Topeka & Santa Fe, under the evidence, was properly held liable for the full amount of the damage upon the further ground of having received the goods prop-

erly loaded, "braced" and packed at Chicago, and having turned them over to its connecting carrier at Purcell, damaged, loose and "unbraced," in an injured car, to be hauled the balance of the route, whereby they would almost necessarily be greatly damaged, the furniture consisting of tables, bar counters, mirrors, screens, etc., and especially so, since it has not shown the extent of the damage done on its line. We do not deem it necessary, however, to express an opinion upon this question. Railway v. Daggett, 87 Texas, 322.

Since the Atchison, Topeka & Santa Fe is liable on the ground of partnership under the principles above discussed, the Gulf, Colorado & Santa Fe cannot object to the former being joined as defendant in the judgment with it, though, as between the Gulf, Colorado & Santa Fe and the other parties to the suit, no such partnership was shown. Baylor Co. v. Craig, 69 Texas, 330.

The judgment is affirmed.

*Affirmed.*

Opinion delivered February 17, 1896.

### ON MOTION FOR RE-HEARING.

DENMAN, Associate Justice.—The Atchison, Topeka & Santa Fe in its motion for rehearing complains only of that portion of our opinion herein which holds that its "plea of privilege did not contain a denial of the existence of the partnership alleged in the petition." It admits that the plea did not contain a specific denial of such partnership, but earnestly contends that "if the expression had been used that 'the co-defendants were not partners' it would not have been good pleading, for the reason that the statement would have been a conclusion of law, and would have been subject to a special exception." We have been able to find no authority for such a position. On the contrary the statute simply requires "a denial of partnership as alleged in the petition," and Abbot's Forms, vol. 2, p. 38, gives the following as the proper form of a plea denying an alleged partnership: "That said (naming them) were not partners, as alleged." Where a status or capacity, such as partnership, agency, or incorporation, is alleged in the petition, the answer may deny the existence thereof in express terms.

It is contended, however, that the following allegations in such plea, which we copy at request of counsel for the company, conclusively negative the existence of the partnership alleged in the petition, viz.:

"This defendant furthermore represents that it is improperly and wrongfully joined in this suit with the co-defendant, the Gulf, Colorado & Santa Fe Railway Company, and solely for the purpose of attempting to give this court jurisdiction, in this: That this defendant, the Atchison, Topeka & Santa Fe Railway Company, is a separate, distinct and independent line of what is known as the Santa Fe Route, and the rights, liabilities and earnings of this defendant are entirely distinct and independent from the rights, liabilities and earnings of the Gulf, Colorado &

Santa Fe Railway Company. This defendant says furthermore, that it knows of no corporation, known as the Santa Fe Route; that it is no part of any such corporation, which it believes in fact does not exist. This defendant says that its undertaking, obligation and liability with respect to plaintiff's shipment involved in this suit is altogether separate, distinct and independent from that of its co-defendant, The Gulf, Colorado & Santa Fe Railway Company; that this defendant received no part whatever of the freight charges accruing in consequence of said shipment from Purcell, Indian Territory, to Dallas, Texas; that it delivered the said car of fixtures to its co-defendant, The Gulf, Colorado and Santa Fe Railway Company, at Purcell, Indian Territory, and that thereupon it had nothing further to do with said shipment." "And this defendant prays that it be held in no way a party to this cause by virtue of any obligations which falsely and fraudulently connect it jointly as a defendant in this cause with the co-defendant, The Gulf, Colorado & Santa Fe Railway Company."

The petition alleged the existence of the partnership at the date of the contract of shipment.

From an examination of the language of the plea above quoted, it is clear that it does not negative the existence of most of the facts therein stated at the time the contract of shipment was made but only at the immaterial date of the filing of the plea.

The allegation that its "undertaking, etc., is separate, etc.," if anything more than a legal conclusion, is merely a denial that the shipment was joint. It may be true as stated that it "received no part whatever of the freight charges accruing in consequence of said shipment from Purcell to Dallas," and still it may have been entitled thereto. Every fact stated in the plea may be true and still defendants upon other combinations of facts may have been in fact partners when the shipment was made, or the Gulf, Colorado & Santa Fe may have been liable for the entire damages from Chicago to Dallas by reason of having held itself out as a partner, as contended by plaintiff in the evidence introduced on the hearing of the plea. The motion of the Gulf, Colorado & Santa Fe is based upon the proposition that some of the articles were lost before they reached its line and therefore judgment should not have been rendered against it for such articles.

The only assignment in this court on this subject was that the court erred in rendering any judgment against this company because the evidence showed conclusively that no damage occurred on its line. This assignment does not justify us in examining the record to see whether any of the many articles were lost before it reached its line and whether the judgment includes the value of such articles. The motions will be overruled.

*Motion overruled.*