### GEISELMAN v. ANDRESON et al.
### (No. 839.)

(Court of Civil Appeals of Texas. Beaumont. June 19, 1922. Rehearing Denied June 28, 1922.)

**1. Partnership ⬙213(1)—Pleading held an allegation of partnership sufficient to apprise defendants that they were sued as partners.**

An allegation that a defendant oil company was an "unincorporated joint-stock company," and that two named defendants were "members, stockholders, and shareholders" thereof, was an allegation of partnership sufficient to apprise such persons that they were sued as partners.

**2. Partnership ⬙213(2)—Allegations of partnership can be controverted only by special plea under oath.**

Allegations of partnership can be controverted only by a special plea, denying under oath the fact of the partnership, and, unless so denied, such allegations are taken as confessed.

**3. Joint-stock companies and business trusts ⬙19—Answer held insufficient to show that alleged partnership was a trust.**

An answer which does not contain a specific denial of alleged partnership, nor facts constituting such denial, and admits membership in an oil company, though alleging that it was a trust, but not alleging facts making it a trust and not giving the articles of association or declarations of trust, nor negativing all control of property by the shareholders, or the fact that the trustees and their successors were under the control of the shareholders and elected by them, even if the doctrine of the Massachusetts trust, so-called, were the law of this state, is insufficient to show that alleged partnership was a trust.

**4. Dismissal and nonsuit ⬙81(9)—Member, knowing joint-stock company was not served and announcing ready for trial, waives right to object to dismissal of such party.**

Where an unincorporated joint-stock company, constituting a partnership, had not been served and had not answered, and defendant member when he announced ready for trial, had knowledge thereof, the duty rested on him to plead in limine under oath the defect of parties, if any, in view of Rev. St. art. 1906, and, this not having been done, he cannot complain that suit was dismissed as to such company.

**5. Dismissal and nonsuit ⬙57 — Dismissal proper as to defendant not sued.**

Court did not err in dismissing from the case a defendant which had not been sued and had not answered.

**6. Appeal and error ⬙189(3)—Objection to order of dismissal of party comes too late when first raised upon appeal.**

Where a party did not object to the order of dismissal of another party, an oil company, when the order was entered, nor in his motion for new trial, the point comes too late when raised for the first time in the Court of Civil Appeals.

**7. Appeal and error ⬙187(3)—Partner sued as such jointly and severally liable for partnership's obligations so that failure to make partnership a party not fundamental error.**

As a member of the partnership or unincorporated joint-stock association, a defendant sued as a partner was jointly and severally liable for its obligations, and the liability was primary and not secondary, and, having been duly served, judgment was properly entered against him on his primary liability, and his complaint of failure to make the alleged partnership a party does not raise the question of fundamental error.

**8. Appeal and error ⬙931(7)—Presumed that issue was decided.**

On an appeal by a partner from a judgment holding him primarily liable for partnership obligations, if necessary to sustain the judgment dismissing the partnership or joint-stock company which was not served, it will be presumed that the issue of insolvency which was presented was decided against appellant, so that primary liability would follow because of the insolvency.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by the Citizens' State Bank of Houston against the American Re-Claim Oil Company, G. M. Andreson, M. P. Geiselman, and others, which was dismissed as to the defendant Big Sand Oil Company after the trial began, but before judgment. Judgment was rendered in favor of the plaintiff, Citizens' State Bank, for the relief prayed for, and in favor of the defendant Andreson and against the defendants Geiselman and Kutschback on his cross-petition, and the defendant Geiselman appeals. Affirmed.

Fulbright & Crooker and Sam C. Polk, all of Houston, for appellant.

Jones & Jones, of Houston, for appellees.

WALKER, J. This suit was instituted by the Citizens' State Bank of Houston against the American Re-Claim Oil Company as principal, G. M. Andreson, M. P. Geiselman, A. E. Kutschback, and others as sureties on a certain promissory note in the sum of $6,000, and to foreclose a chattel mortgage lien on certain property described in plaintiff's petition.

Appellee Andreson makes the following statement of the nature of his pleadings:

"Appellee G. M. Andreson set up a cross-action against his codefendants and cosureties on the note sued on, M. P. Geiselman and A. E. Kutschbach, and also the Big Sand Oil Company. The pertinent part of appellee's allegations was that he 'makes himself an actor, and complains against Big Sand Oil Company and the defendants M. P. Geiselman and A. E. Kutschback, individually and as members and stockholders and shareholders of said Big Sand Oil Company, as unincorporated joint-stock association, operated, and says that the said Big Sand Oil Company, being such unincorporated joint-stock association, operated and had its principal office and place of business in Harris county, Tex., and that the defendant M. P. Geiselman is vice president thereof and A. E. Kutschback, treasurer. * * *'

"Appellee then states that on or about August 27, 1919, he and said M. P. Geiselman and A. E. Kutschback and another were sureties on a note held by the plaintiff bank, being a previous note representing the same indebtedness now sued on by the bank, and that such previous note became due on or about August 25, 1919, and appellee 'refused to pay the said note or to renew the same with his indorsement'; and, whereas the defendants M. P. Geiselman and A. E. Kutschback assured this cross-plaintiff that they would be responsible for the payment thereof and indemnify him against any loss or liability thereon, as well as all costs arising out of said note in any way whatever if he would reindorse the same or the renewal thereof, and the said Andreson desired additional assurance of indemnity before he would consent to reindorse said note, whereupon the said defendants executed and delivered to him the additional indemnity in the words and figures as follows, to wit:

" 'State of Texas, County of Harris.

" 'Whereas, M. P. Geiselman, A. E. Kutschback, and G. M. Andreson, with others heretofore, to wit, became indorsers on the notes of the American Re-Claim Oil Company of Houston, Texas, to date; whereas, said note must be renewed, and the said G. M. Andreson, desires assurance from said Big Sand Oil Company that they will protect him from liability on said notes: Now therefore know all men by these presents: In consideration of the premises and the payment of one dollar, receipt of which is hereby acknowledged and confessed, we, the said Big Sand Oil Company of said county and state, hereby agree and obligate ourselves to protect the said G. M. Andreson from all loss and from all costs arising out of

said note in any way whatsoever, in the event the said Andreson shall reindorse said note, or the renewal thereof.

" 'Witness our hands at Houston, Texas, this 27th day of August, A. D. 1919. Big Sand Oil Company, by M. P. Geiselman, V. P. By A. E. Kutschback, Treas.'

"Appellee further alleged that he, together with the said M. P. Geiselman and A. E. Kutschback and another, did renew the note, and when it came due again, acting under the said agreements of indemnity, he and said individual defendants again renewed it, and that note was now being sued on, and plaintiff was about to get judgment, and therefore 'the Big Sand Oil Company and the said M. P. Geiselman and A. E. Kutschback, individually and as members and shareholders of said unincorporated joint-stock association, are liable to this cross-plaintiff to indemnify him in full for any and all loss and costs arising out of said note in any way whatsoever, in order that he may be relieved as they agreed from any burden of paying the said note or being at any loss on account thereof.'

"Appellee then prays that the court 'should give judgment to this cross-plaintiff for the entire debt so recovered by the plaintiff in his favor over and against the said cross-defendant, Big Sand Oil Company, and the said M. P. Geiselman and A. E. Kutschback individually and as shareholders of said company, all jointly and severally, for which judgment and all costs and execution this cross-plaintiff prays.' "

Geiselman and Kutschback answered the cross-action of Andreson by general demurrer, general denial, admitting that they were members of the Big Sand Oil Company, and, quoting from appellant's answer:

"For special answer asserted that they were shareholders in the Big Sand Oil Company, and that they were trustees of the trust estate, consisting of certain property, and were trustees for the shareholders holding shares which entitled such shareholders to participate in the division of said trust estate and in the division of such profits therefrom as the trustees in their discretion declared should be divided among the shareholders, and that it was expressly provided in the declaration of trust that neither the shareholders nor the trustees should be personally liable for any obligations or undertakings assumed in the name of the Big Sand Oil Company, and it was well known to defendant Andreson that the trustees of the Big Sand Oil Company were holding themselves out as not being personally liable for the obligations of the Big Sand Oil Company and that they would not enter into any contract, except that it was understood and agreed that they should not be personally liable on such contract, but that they would be liable only to the extent that there would be assets belonging to the said trust estate, and setting up that they signed the instruments set up in Andreson's cross-action only in the capacity of trustee, and that the abbreviations following their names on said contract of indemnity set forth the capacity in which they signed the same, which was understood and agreed by the said Andreson to mean that he should not hold

them personally liable for the obligations set up in said contract; and by way of further answer, set up that Andreson knew that defendants Kutschback and Geiselman were holding themselves out as not being liable on any contracts entered into in the name of the Big Sand Oil Company, but were representing that the assets to which they held title in the name of the Big Sand Oil Company only should be responsible for such obligations and contracts. They further set up that it was the express understanding of the said Andreson and defendants Geiselman and Kutschback that Andreson could only look to the assets of the Big Sand Oil Company; and in an alternative plea said defendants answered that they were acting merely as agents for the Big Sand Oil Company, and had authority to bind it and the members thereof only to the extent of the assets of said Big Sand Oil Company, and that the limitation of the authority of the said defendants was well known to the said Andreson, and that Andreson, in accepting said instrument, agreed and became bound to look for the satisfaction thereof only to the assets of said company."

As no service was had on the Big Sand Oil Company, and, as it did not answer, it was dismissed from the suit after the trial began, but before judgment was rendered. On a trial to the court without a jury, judgment was rendered in favor of the plaintiff, Citizens' State Bank, for the relief prayed for, and in favor of Andreson against Geiselman and Kutschback on his cross-action. The bank's judgment is not involved in this appeal.

### Opinion.

[1-3] Andreson's allegation that the Big Sand Oil Company was an "unincorporated joint-stock company," and that Geiselman and Kutschback were "members, stockholders and shareholders" thereof, was an allegation of partnership. Lumber Co. v. Pine Land Association, 31 Tex. Civ. App. 375, 72 S. W. 875; Allen v. Long, 80 Tex. 261, 16 S. W. 43, 26 Am. St. Rep. 735; Cameron v. First National Bank, 4 Tex. Civ. App. 309, 23 S. W. 334. And such allegations were sufficient to apprise them that they were being sued as partners. Allegations of partnership can be controverted only by a special plea denying under oath the fact of the partnership. Article 1906, R. C. S.; Railway v. Tisdale, 74 Tex. 8, 11 S. W. 900, 4 L. R. A. 545; Railway v. Edloff, 89 Tex. 454, 34 S. W. 414, 35 S. W. 144. Unless so denied, such allegations are taken as confessed. Appellant's answer does not contain a specific denial of partnership, nor do the facts alleged constitute a denial of partnership. They admitted their membership in the Big Sand Oil Company. Though alleging that the Big Sand Oil Company was a trust, they do not allege facts making it a trust. They do not give the articles of association or declarations of trust in their plea. They do not negative all control of property by the shareholders, nor do they negative the fact that the trustees and their successors in office were under the control of the shareholders and elected by them. Even if the doctrine of the Massachusetts trust, so-called, were the law of this state—a point we do not decide in this case—it would be necessary to negative the fact suggested in order to make the Big Sand Oil Company anything other than a partnership. Davis v. Hudgins (Tex. Civ. App.) 225 S. W. 73.

[4-7] The court did not err in dismissing the Big Sand Oil Company from the case. It had not been served, and had not answered. Glasscock v. Price, 92 Tex. 272, 47 S. W. 965; Atkinson v. McClelland (Tex. Civ. App.) 127 S. W. 896; Frank v. Tatum, 87 Tex. 204, 25 S. W. 409. Besides, appellant knew, when he announced ready for trial, that the Big Sand Oil Company had not been served and had not answered, and the duty rested on him to plead in limine under oath the defect of parties, if any. Article 1906, R. C. S. This was not done. Appellant did not except to the order of dismissal of the Big Sand Oil Company when the order was entered, nor in his motion for new trial. The point comes too late when raised for the first time in this court. The dismissal of the Big Sand Oil Company, or, in other words, the failure of Andreson to make it a party to his cross-action, does not raise the question of fundamental error. Appellant was sued as a partner, and judgment was rendered against him as such, after due service. As a member of the partnership or unincorporated joint-stock association, he was liable jointly and severally for its obligations. The liability was primary and not secondary. Having been duly served, judgment was properly entered against him on his primary liability. Webb v. Gregory, 49 Tex. Civ. App. 282, 108 S. W. 478.

[8] Besides it rather appears that the issue of insolvency was raised against the Big Sand Oil Company as a joint-stock company, which issue, if necessary to sustain the judgment, must be resolved by us against appellant. Petty v. Paggi Bros. Oil Co., 241 S. W. 574. On the question of insolvency, appellant makes the following admission in his brief:

"Geiselman, at Andreson's solicitation, gave him the indemnity of the Big Sand Oil Company, which we must assume, under the state of proof in this case, was not worth very much."

If the Big Sand Oil Company, as a joint-stock association, was insolvent, of course no error is shown in dismissing it from the case.

The judgment of the trial court is in all things affirmed.