### TERRELL et al. v. WAINWRIGHT.

### No. 4749.

Court of Civil Appeals of Texas. Texarkana.

Oct. 30, 1935.

Rehearing Denied Nov. 14, 1935.

Mayfield & Grisham and William J. Park, all of Tyler, for appellants.

Weeks, Hankerson & Potter, of Tyler, for appellee.

HALL, Justice.

In May, 1932, appellee instituted suit in the district court of Smith county against appellants for the collection of $1,000 claimed by him as a commission for the selling of certain oil property. He alleged in his amended petition that the oil property in question was owned by J. B. Gilliam; that he was employed by Gilliam as a broker to sell the property and was to be paid by him the usual and customary 5 per cent. commission of the sale price thereof; that a sale of said property was made to the appellants for an amount in excess of $20,000; "that at the time the said defendants agreed with the said J. B. Gilliam and the plaintiff that they, the defendants, would pay the commission if the plaintiff would reduce same to $1000, and would pay the balance of the consideration for the said lease to the said Gilliam, all of which was agreed to by all of said parties. * * * That in the making of said contract with the plaintiff for the payment of the said commission the defendants were acting as partners and in furtherance of said partnership enterprise in which each of them owned a one-half interest." He alleged, further, that the appellants had failed after demand to pay said commission or any part thereof. In the alternative the appellee declared on a quantum meruit. During the trial of the case appellee filed a trial amendment setting up a partnership between Terrell and Roussell for the purpose of acquiring title to the oil property in question. The appellants by verified answer denied all the allegations in appellee's petition except the allegation of partnership in appellee's amended petition and trial amendment. A trial was had to a jury, which found in answer to a single special

issue that appellant Terrell agreed with appellee that upon the consummation of the sale and purchase of the property, he (Terrell) would pay appellee the sum of $1,000 in settlement of his claim for commission on said deal. Upon this finding the trial court entered judgment against Terrell and Roussell but not against the other defendant, Lutcher Oil Company. From this judgment appellants prosecute their appeal to this court.

■ Appellants complain, first, of the failure of the trial court to submit an appropriate issue to the jury to determine whether Terrell and Roussell were partners. We think there was no error in this action of the court. The allegations in both the amended petition and trial amendment of an existing partnership between Terrell and Roussell were sufficient, and in the absence of a denial thereon under oath, the existence of the partnership is confessed. R. S. art. 2010, subd. 6; Gulf, C. & S. F. Ry. Co. v. Edloff, 89 Tex. 454, 34 S.W. 414, 35 S.W. 144; Reed v. Brewer, 90 Tex. 144, 37 S.W. 418; Gill v. Bank (Tex.Civ.App.) 47 S.W. 751; Buchanan v. Edwards (Tex.Civ.App.) 51 S.W. 33; Shapleigh v. Huff (Tex.Civ.App.) 294 S.W. 657. To avoid the application of the legal requirement that the existence of partnership must be denied under oath, appellants rely upon a stipulation of counsel made during the trial of the case immediately after the filing by appellee of a trial amendment. The stipulation follows:

"Mr. Grisham: As to the objection to the trial amendment the defendants withdraw their request for a continuance or postponement of the case, with the understanding with opposing counsel here made in open court, that we will have a right to subsequently file our answer to said trial amendment, denying partnership of Roussell and Terrell, under oath, if, upon investigation, we find the facts justify such an answer; that's all right, isn't it?

"Mr. Potter: Yes, that's all right. We will just consider it filed."

It will be noted that Mr. Grisham is one of the attorneys for appellants and Mr. Potter is one of the attorneys of the appellee. A careful examination of this stipulation reveals that the attorney for appellants did not state positively that he would file at a later date an answer denying under oath the existence of partnership between Terrell and Roussell, but the later filing thereof is made to depend on an investigation of the facts, for he says he reserves the right to file said answer, "if, upon investigation, we find the facts justify such an answer." No such answer has been filed in this case, and we think it is but fair to presume that counsel made the investigation and came to the conclusion that the facts would not justify such an answer. It is not thought that this stipulation removes this case from the rule announced in the authorities cited above or from the plain provisions of the statute.

■ Appellants contend, further, that this case should be reversed and remanded because the verbal promise of Terrell to pay appellee the commission claimed is in effect a promise to answer for the debt, default, etc., of another, and is therefore inhibited by the statute of frauds (Vernon's Ann.Civ. St. art. 3995) and unenforceable. The record in this case discloses that appellee brought the buyer and seller together; that in the first instance he was looking to the seller for his commission, which he testified would be between $1,100 and $1,200. This amount he agreed voluntarily to reduce to $1,000. Appellee and the witness Potter say that appellant Terrell agreed to pay this amount. The witness Potter testified further that the amount of appellee's commission was a part of the consideration appellants were to pay for said property. This agreement was made by Terrell before the deal for the property was closed. The evidence shows that the appellee yielded a valuable right by reducing his commission from between $1,100 and $1,200 to $1,000. The evidence also bears out the conclusion that appellee relieved the seller, Gilliam, from liability for his commission upon the promise of the buyer, Terrell, to pay the same. The promise of appellant to pay the $1,000 as part of the consideration of the purchase price of the property comes very nearly being a promise to pay his own indebtedness rather than that of another. Granting, however, that his promise is to pay the debt of another, it is certainly based upon a good and valuable consideration sufficient to remove his promise from the application of the statute of frauds. In the case of Lemmon v. Box, 20 Tex. 329, Chief Justice Hemphill, speaking for the Supreme Court, says: "Wherever the main purpose and object of the promissor is, not to answer for another, but to subserve some purpose of his own, his promise is not within the statute, although it may be in form a promise to

pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing the liability of another." Citing 2 Parsons on Contracts, 305. Johnson v. Edrington (Tex. Civ.App.) 53 S.W.(2d) 69.

Appellants also contend that the trial court committed error in refusing to submit to the jury certain special issues. We have examined these special issues and are of the opinion that the acts of the trial court relative thereto does not present error.

We are therefore of the opinion that all assignments of error brought forward in this cause should be overruled, and the judgment affirmed, and it is so ordered.