**SUN OIL CO. v. GUNTER et al.**

No. 10653.

Court of Civil Appeals of Texas. Galveston.
Jan. 19, 1939.

As Modified on Denial of Rehearing Feb.
23, 1939.

T. L. Foster, J. W. Timmins, and Martin A. Row, all of Dallas, for appellant.

McGown, McGown, Godfrey & Logan, of Fort Worth (B. E. Godfrey, of Fort Worth, of counsel), for appellees.

CODY, Justice.

This suit involves a dispute over the title to seven-eighths of the oil, gas and other minerals in 20 acres of land out of a 94-acre tract of land in Anderson County, which belonged to Jewel Barton, wife of R. E. Barton, as her separate property, and formed a part of the homestead of herself and husband on December 20, 1921.

The appellee, Jeff Gunter, brought this suit against appellant in trespass to try title to the aforesaid oil, gas and mineral interest. In his petition he described the 20 acres in which he alleged himself to be the owner of seven-eighths of the oil-rights, in the same language which was used in the lease from Mrs. Barton et vir, dated December 20, 1921, to himself, Jeff Gunter, the substance of which description will be given below. In said petition a more particular description of said 20 acres, by metes and bounds was alleged. Jeff Gunter further alleged that he owned an undivided one half of the seven-eighths oil-rights in his own right, and that he owned the remaining undivided half in trust for H. L. Gunter, and Carey Gunter—nine-twentieths for H. L. Gunter, and one-twentieth for Carey Gunter. H. L. and Carey Gunter intervened in the suit and adopted Jeff Gunter's pleadings.

Appellant answered by general demurrer, special exceptions, general denial, and plea of not guilty.

At the conclusion of the trial, the court dismissed the jury and rendered judgment for appellees for the seven-eighths oil-rights in the 20 acres included in the metes and bounds description set forth in appellees' pleadings. And appellant assigns as error several grounds as cause to reverse the judgment below.

By agreement, Jewel Barton is established as the common source of title.

At the trial appellees relied on the lease from Jewel Barton, and husband, to Jeff Gunter, dated December 20, 1921, and also on this excerpt which is taken from the lease from Jewel Barton et vir to appellant: "It is intended to convey in this lease only 74 acres off of the above described tract" (i. e., off of the 94-acre tract); "20 acres having been leased to Jeff Gunter off of the North side of the tract." Appellant relied on its lease just referred to, which was dated November 7, 1929, and which was promptly filed for record.

In the lease from Jewel Barton et vir to Jeff Gunter, it was recited that she and her husband were the owners of the fee to the 94-acre tract, and a description by metes and bounds of such 94-acre tract was given. From this description it appears that it formed a rectangle extending 815 varas north and south, and 652 varas east and west. Following the description of the 94 acres, this language is used in the lease: "Now the Lands Leased and Demised by This Instrument is as follows, and a Part of the above Described Property, to-wit: A 20 acre tract of land, of the lands above, and being situate and lying on the north of that certain tract of lands * * * out of the above lands * * * containing 42 (forty-two) acres along the South side of the 94 acres above described and fourteen (14) acres herein demised and leased situate and lies immediately north of the said 42 acres so leased to Leonard Green, et al."

In connection with and in explanation of the reservation of 20 acres made for the Gunters in the lease to appellant, Mr. Barton, the husband of the owner of the fee in the 94-acre tract, and himself one of the lessors in the Gunter lease, testified that he told appellant's representative (when negotiating for appellant's lease from the Bartons) that 20 acres out of the 94-acre tract had been leased to Jeff Gunter, and told him how this 20-acre tract could be located; told such representative that just a few days before leasing to Jeff Gunter he had leased 42 acres to Leonard Green and others, and that the Gunter lease joined the Green lease, but that he had forgotten at which end of the tract (i. e., the 94-acre tract) they had started in cutting off the lease, but that he (appellant's representative) could go down to Palestine and look up the records; that he didn't know if the Gunter lease had been recorded, but knew that the 42-acre lease had been recorded. The witness further testified that appellant's representative came back later with the lease (from the Bartons to appellant) written up, and told him "that the twenty acres was over on the north side of your (the Barton) tract, that is leased to Mr. Gunter," and handed him the prepared lease, and asked that it be signed, and he, witness Barton, read it far enough to see that it excepted the 20 acres leased to Gunter, and then signed it.

Now there was no Leonard Green lease introduced in evidence. And if there were in fact a Leonard Green lease, there was no evidence introduced in this case, showing what land it covered. There was no evidence introduced which identified the 20 acres described by metes and bounds in appellees' pleadings, and which was the same as the 20 acres described by metes and bounds in the judgment rendered for appellees, with the 20 acres of the Gunter lease. The burden was on appellees to prove that the field notes in their petition described and included the same land, the same 20 acres, described and included in the lease of December 20, 1921. Jones v. Andrews, 62 Tex. 652; Finberg v. Gilbert, 104 Tex. 539, 141 S.W. 82. Appellant states that appellees never offered any evidence which purported to identify the land described in appellees' lease with the land described by metes and bounds in their petition. Appellees do not contest this statement; at least not directly. Their position is: That "the stipulation of common source (of title) amounts to an admission by the defendant that the tract of land sought to be recovered by plaintiff (appellees) is known to the defendant and is a part of the land also claimed by the defendant. This, of necessity, must be the legal effect of stipulation of common source. There can be no dispute as to boundaries of property where there is a stipulation of common source." The stipulation is to the effect that the common source of title to the property involved in litigation is in Jewel Barton. Such stipulation could have been made with reference to any part of the 94 acres. It certainly has not the effect of identifying the 20 acres referred to in the lease of 1921 with the 20 acres described by metes and bounds in appellees' pleadings. And it is not to be lost sight of that the court dismissed the jury, and then rendered judgment for appellees; and this is the legal equivalent of having instructed a verdict for appellees. We therefore sustain the appellant's first proposition, submitted under the second assignment of error—that the court should not have rendered judgment for a 20-acre tract of land with a specific metes and bounds description because there was no proof to support it. But we remand the cause for a new trial and refuse to here render judgment for appellant on the various grounds it urges. For, "It is the rule, where a judgment has been reversed, to remand to the trial court rather than to render, where the ends of justice will be better subserved thereby.

**340**

Such remanding has often been ordered to supply additional testimony, to amend the pleadings, and even to show jurisdiction." Quoted from Waldo v. Galveston, H. & S. A. R. Co., Tex.Com.App., 50 S.W.2d 274, 278.

Reversed and remanded.

## On Appellant's Motion for Rehearing.

Appellant's motion for rehearing has been carefully considered, but this Court finds that .it must adhere to its former opinion reversing the judgment of the trial court and remanding the cause for a new trial. However, that concluding portion of the Court's opinion filed herein January 19, 1939, beginning, immediately succeeding the sentence: "Quoted from Waldo v. Galveston, H. & S. A. R. Co., Tex.Com. App., 50 S.W.2d 274, 278.", with the words "The Bartons indicated," etc., is deleted.

Appellant's motion for rehearing refused.