## CORONA PETROLEUM CO. et al. v. JAMESON et al.

### No. 14146.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 6, 1940.

Rehearing Denied Jan. 17, 1941.

**514**

Sam Billingsley and Richard Owens, both of Fort Worth, for appellants.

Bryan, Stone, Wade & Agerton, of Fort Worth, and A. K. Doss and Sayles & Sayles, all of Abilene, for appellees.

SPEER, Justice.

The parties to this appeal will bear the same designation as in the trial court. Plaintiffs, Mrs. P. Jameson, a widow, Barto Jameson and Landy Jameson, the last-named plaintiffs being sons of Mrs. P. Jameson, instituted this suit against Corona Petroleum Company, a corporation, the Western Oil Corporation, a corporation, J. W. Meeker and J. R. Meeker, as defendants, seeking to recover on three drafts drawn by J. W. Meeker on Corona Petroleum Company, one for $1,000, in favor of Mrs. P. Jameson, one for $750, in favor of Barto Jameson, and one for $375, in favor of Landy Jameson.

It is alleged that defendants were partners in the oil business, and in the transactions involved in this suit; that at about the date of the issuance and acceptance of the drafts, J. W. Meeker, acting individually and as agent and representative of his co-defendants, entered into an agreement with plaintiffs to purchase certain oil and gas leases on lands situated in Fisher County, Texas. That the title to said leases was to be taken in the name of Corona Petroleum Company, but that all other defendants were in fact jointly interested with that company therein; that all acts of the Corona Petroleum Company were for its own as well as the interest of all said defendants, and in furtherance of the partnership existing between them, each agreeing to share in the profits and losses sustained by reason thereof.

That each of the plaintiffs did execute his respective oil and gas lease to Corona Petroleum Company, covering the lands described in each instrument; drafts were drawn by said J. W. Meeker against Corona Petroleum Company for the leases, in the amounts above indicated; each of the drafts bore date of about January 1, 1938, and was to be paid, "subject to acceptance of title by drawer to property described hereon." Drafts with the respective leases attached were deposited in a bank at Hamlin, Texas, for collection. Some days later they were all returned to the receiving bank, unpaid.

Plaintiffs alleged that they agreed to and did furnish to Meeker such abstracts of title as they had in their possession and that Meeker knew the date to which they were extended; that Meeker then agreed that defendants would procure, at their own expense, any additional abstracts or supplements desired by them. That defendants never did thereafter procure additional abstracts, nor did they thereafter make any objections to plaintiffs' titles; that such failure estopped them from denying liability on the drafts, because of the endorsements thereon. That defendants were liable for the sums mentioned in the drafts, together with interest at six per cent per annum, for which amount they prayed judgment against all defendants, jointly and severally.

Defendants answered that the plaintiffs should not recover because their pleadings disclosed that their cause of action was for the breach of an oral contract to convey an interest in land and was in violation of Article 1288, R.C.S., and of our statute of frauds. There was a general demurrer and special exceptions, which were overruled, of which ruling no complaint is made. They also plead the general denial, and specially that Corona Petroleum Company did propose to purchase said leases subject to its acceptance of title, for itself, on condition that a certain block of leases embracing those of plaintiffs' could be procured. That plaintiffs agreed to furnish to that

company abstracts of title to their respective lands, but only furnished partial abstracts; that the company notified each of the plaintiffs on about January 26, 1938, that it did not accept the titles, that it was returning their partial abstracts, and had declined payment of the drafts. That defendants, J. W. Meeker, J. R. Meeker and the Western Oil Corporation, had no transactions whatever with plaintiffs, and prayed that they be not held liable in plaintiffs' suit.

There was no verified denial of the partnership, nor other denial than as above indicated.

The testimony adduced indisputably shows that J. W. Meeker, who handled the transaction with plaintiffs, did agree orally to accept the partial abstracts then in the possession of plaintiffs, and would, if desired, examine the records of Fisher County, or have it done, or procure, at his own expense, any additional supplemental abstracts desired, and that if any objections were found to the title, plaintiffs would be notified and they were to be cured by plaintiffs. These matters were testified to by plaintiffs and were corroborated by the local banker, a Mr. Russell. Mr. Meeker, though present at the trial, as indicated by the record, did not testify.

Special issues were propounded to the jury, inquiring if such oral agreements were had, in regard to each of the leases, and affirmative answers were given. Judgment was entered for plaintiffs for the amounts prayed for against the four defendants named, jointly and severally. Motion for new trial was overruled and this appeal perfected by all defendants.

 Defendants' briefs present nine propositions, based on appropriate assignments of error. Their first proposition reads: "The trial court erred in overruling defendants' plea of the Statute of Frauds, because the statute provides that a parol modification of a written conditional contract for the purchase of an oil and gas lease is unenforceable unless the promise or agreement, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized."

We find nothing in the statute of frauds, Article 3995, R.C.S., pertaining to the "modification" of a written conditional contract for the purchase of an oil lease, as announced in the proposition, but we are considering the point as though it properly referred to the language contained therein; nor are we noticing defendants' allegations that they relied upon Article 1288 in connection with their plea of the statute of frauds. The statute of frauds prohibits the bringing of any action (Sec. 4) "upon any contract for the sale of real estate or the lease thereof for a longer term than one year. * * Unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized."

It is not contended that J. W. Meeker was without authority to negotiate for the oil leases, and to make the drafts on Corona Petroleum Company, in the manner they were made, with leases attached, drafts to be paid according to their provisions. These conditional drafts were for the purpose of paying the contract price agreed upon for the leases, when title was accepted. The drafts were sufficient memoranda of the contract for the leases for a longer term than one year, and relieved the deal of the vice inhibited by the statute of frauds. Steinberger Petroleum Corp. v. Whitley, Tex.Civ.App., 105 S.W.2d 727, writ dismissed. Moreover, it is not necessary under the statute that the written memorandum provided for therein shall recite all the terms of the agreement, for it is the contract, some parts of which may be oral, that is to be enforced, and this may be done if a memorandum thereof in writing is had and signed by the party sought to be bound. The memorandum need not contain all the terms of the contract. "It is not the compliance with the statute that constitutes the contract. The statute presupposes its legality and enforcement of which only is suspended unless the contract or some memorandum thereof be reduced to writing and signed by the party to be charged therewith." Leverett v. Leverett, Tex.Civ.App., 59 S.W.2d 252, 254, writ refused; Simpson v. Green, Tex.Com.App., 231 S.W. 375. We see no error presented by this proposition and it is overruled.

Appellants' propositions 2, 5, 6, 7, 8 and 9 challenge the act of the court in sustaining appellees' motion for judgment non obstante veredicto against J. W. Meeker, J. R. Meeker and Western Oil Corporation. The several propositions present as many reasons why the contention is made.

516

As we construe the record, at the conclusion of taking testimony, the court embraced in his charge to the jury an instruction for a finding against plaintiffs and in favor of three of the defendants, viz., J. W. Meeker, J. R. Meeker and Western Oil Corporation, and proceeded to submit special issues to ascertain whether or not J. W. Meeker, who negotiated the whole deal with plaintiffs, agreed orally with them that if additional abstracts of title were desired by Corona Petroleum Company, they would be procured by him at the expense of the company. Objections were made by defendants to the submission of these issues, upon the ground that such inquiries would necessarily elicit answers, which would be to give effect to testimony varying the contents of the written instruments upon which suit was brought. What we have said above in connection with the proposition which raises the conditions of our statute of frauds disposes of these objections and exceptions to the charge against the contention made.

The points raised relative to sustaining the motion notwithstanding the directed verdict given in favor of the three named defendants has given us much concern. Evidently the trial court instructed the verdict in favor of those defendants upon the theory that the evidence in no way connected them with the transaction. But, by having his attention called to the fact that there was an allegation of partnership between all defendants, and that there was no verified denial interposed in the answer of either defendant, and the jury having found in response to the issues against the contention of the one defendant, Corona Petroleum Company, alleged to be a member of a partnership, the directed verdict in favor of the other three defendants was disregarded and the motion sustained, resulting in a joint judgment being entered against all defendants.

Our courts have uniformly held that when an action is brought against parties alleged to compose a partnership, and no denial of partnership is made under oath, as provided by section 6 of Article 2010, R.C.S., the allegation of partnership is taken as confessed. That if no such verified denial is interposed, no testimony need be offered by plaintiff to prove the allegations made, and no testimony controverting the allegation of partnership may be offered in the absence of such a verified denial in the pleadings. The object of the statute was to require a denial under oath of partnership when charged in the pleadings of plaintiff before an issue of fact on that point is raised. Absent such an issue of fact, no proof need be offered to establish it. It is confessed by defendants and requires no proof by plaintiff in support of the allegation. I. & G. N. Ry. Co. v. Tisdale, 74 Tex. 8, 11 S.W. 900, 4 L.R.A. 545; G. C. & S. F. Ry. Co. et al. v. Edloff, 89 Tex. 454, 34 S.W. 414, 35 S.W. 144. Other holdings to the same effect by Courts of Civil Appeals, in which applications for writs of error were dismissed, are: Geiselman v. Andreson, Tex.Civ.App., 242 S.W. 798; Oil Well Supply Co. v. Texanna Production Co., Tex.Civ.App., 265 S.W. 203; Wichita Valley Ry. Co. v. Brown, Tex.Civ.App., 270 S.W. 1112; Terrell v. Wainwright, Tex.Civ.App., 87 S.W.2d 1114.

As indicated, the above cases hold that when a partnership is alleged and there is no denial under oath, the allegation stands confessed and no necessity remains with plaintiff to make proof of that fact. But we do not understand that they go so far as to hold that this confessed fact will support a judgment against one partner for the wrongful acts of another, without additional proof tending to connect both or all with the transaction. It would be absurd to say that when two or more persons are shown to be partners in a particular business, that all are liable for the acts of one, whether connected with the copartnership business or not. To hold all members of a partnership liable jointly and severally, it must be made to appear from the evidence that the wrongful acts of the offending one were, in law, authorized by the partnership, or were done in the performance of something connected with the furtherance of the interests of the copartnership; these things may be proved by direct or circumstantial evidence. If it could be said that there was any evidence tending to make J. W. Meeker, J. R. Meeker and the Western Oil Corporation liable as partners for the wrongful acts of their partner, Corona Petroleum Company, it came from the plaintiffs themselves; they being interested parties, when not corroborated, only issuable questions of fact for jury determination were presented. Thraves v. Hooser, Tex.Com.App., 44 S. W.2d 916; Texas Cotton Growers Ass'n v. McGuffey, Tex.Civ.App., 131 S.W.2d 771, writ dismissed; Texas Employers' Ins.

Ass'n. v. Roberts, Tex.Com.App., 139 S. W.2d 80.

When a jury trial is demanded, as was done in this case, the court may not withdraw the fact issues from the jury and direct a verdict, if there is any evidence of a substantial nature to the contrary. It is true that plaintiffs all testified that they knew nothing about J. R. Meeker and the Western Oil Corporation being interested in the transaction at the time, but did say that J. W. Meeker promised to procure such additional data concerning the title as he desired, at his own expense, and that both he and his brother, J. R. Meeker, were the principal owners of Corona Petroleum Company; this would not bind them personally for the liability of Corona Petroleum Company, a corporation, but still whether or not the Petroleum Company was acting in the matter for the other alleged partners would have to be shown before they could be held jointly and severally for its acts. It is only by virtue of the provisions of Article 2211, R.C.S., Vernon's Ann.Civ.St. art. 2211, that the court may disregard the jury verdict, or any part of it, and render judgment non obstante veredicto. The motion sustained by the court in this case was to disregard that part of the verdict rendered in response to the court's direction, and was not to disregard any particular special issue finding. In sustaining the motion to disregard the verdict directed by the court, the result was that judgment was entered against all defendants, based solely upon the ground that it was established by the rule of law mentioned, that all were partners; this was done without any jury finding that the alleged wrongful acts of Corona Petroleum Company were in any way connected with the business in which all were partners.

In Peveto v. Smith, 134 Tex. 308, 133 S.W.2d 572, by Commission of Appeals, adopted by the Supreme Court, a very similar situation to the one before us was involved. Smith sued Peveto and Jackson, as partners, alleging a cause of action growing out of the negligent acts of Peveto while performing duties in the interest of the partnership, resulting in the death of the plaintiff's son. The opinion by the Court of Civil Appeals, 113 S.W.2d 216, discloses that no verified denial of partnership by either of the defendants was made. There, as in this case, the trial court directed a verdict against plaintiff and in favor of Jackson, one of the alleged partners. The case was then submitted to, the jury on special issues as to liability of Peveto, the other partner. Upon the verdict returned by the jury, the court entered judgment against both Peveto and Jackson, as was done in this case on the motion for judgment non obstante veredicto. In disposing of the defendants' appeal from that judgment the court, at page 577, said: "It further appears that the judgment which the trial court finally entered in the case—being the judgment from which this appeal is prosecuted—is based on the fact findings made by the jury in response to special issues submitted. to them as between the plaintiff and Peveto alone. The said final judgment appears in the transcript and same appears to be against both Peveto and Jackson, individually, without reference to the alleged partnership relation. In this situation, nothing to the contrary appearing, the only reasonable conclusion we can draw is that no fact question raised by the evidence, concerning Jackson's liability, was submitted to the jury for determination, and that the fact findings made by the jury involve the plaintiff and Peveto alone. Obviously, in this situation, the fact findings made by the jury have no more binding force on Jackson than if he were never a party to the suit. The judgment which the trial court finally entered in the case was effectual as against Peveto, individually, but wholly ineffectual as against Jackson in any respect. From whatever angle the situation is viewed, it appears that the judgment which was entered against Jackson has no support from the jury verdict in the case, and is, therefore, erroneous. See Frank v. Tatum, 87 Tex. 204, 25 S.W. 409; Glasscock v. Price, 92 Tex. 271, 47 S.W. 965."

In the case from which we have last quoted, the court affirmed the judgment rendered against Peveto, but reversed the judgment entered against Jackson and rendered one in his favor. We can see no material difference in the points discussed in that case and the instant one.

Fourth proposition asserts that the trial court erred in admitting the testimony of the witness Russell, to the effect that just prior to the execution by plaintiffs of the oil and gas leases and the drafts by Meeker, the parties agreed orally that

Meeker was to accept for Corona Petroleum Company the base abstracts then held by the plaintiffs, and that if he desired additional abstracts or supplemental ones, he would procure them at his own expense. Defendants objected to the introduction of that evidence upon the ground that it tended to vary the terms of the written leases and drafts. There is no error shown in the matter, since the leases and drafts did not purport to cover the things about which the witness testified, nor did they purport to cover all transactions and agreements relating to procurement of abstracts of title—the drafts sued on were sufficient memoranda in writing of a contract concerning the sale of real estate or a lease thereon for more than one year to take the transaction out of the statute of frauds. This being true, there was no error shown in admitting evidence of what the contract was, when the written memoranda did not purport to show all of its terms. The witness testified to the same things here complained of, on cross-examination, as did all of the plaintiffs on direct and cross-examination, without objection by defendants. The contention here presented is overruled. .

We have not discussed singly the various propositions; but have studied them all; those which challenge the court's action in entering judgment for causes other than those next hereinafter mentioned are overruled. Those which complain of the sustaining of plaintiffs' motion to disregard the verdict returned in response to the court's direction because a partnership was shown to exist between all parties, are sustained. We hold that no judgment should have been entered against the two Meekers and Western Oil Corporation, in this case, solely upon the ground that a partnership was established between them and Corona Petroleum Company. The same rule applied by the Supreme Court in Peveto v. Smith, supra, is controlling here.

 Our authority to reverse and render judgments of the trial court is not the same as that of the Supreme Court; there are conditions under which it becomes our duty to reverse judgments entered below and to render such one as should have been entered, but they are not apparent here. We therefore deem it our duty to reverse and remand the judgment entered against the defendants, J. W. Meeker, J. R. Meeker and the Western Oil Corporation, rather than to reverse and render one for those defendants. See Williams v. Safety Casualty Co. 129 Tex. 184, 102 S. W.2d 178; Colbert v. Dallas Joint Stock Land Bank of Dallas, 129 Tex. 235, 102 S.W.2d 1031; Sun Oil Co. v. Gunter, Tex. Civ.App., 125 S.W.2d 338.

For the reasons stated, the judgment against Corona Petroleum Company is affirmed, and that against J. W. Meeker, J. R. Meeker and Western Oil Corporation is reversed, and the cause remanded for another trial. It is so ordered.

BROWN, Justice (concurring).

This writer is of opinion that, when the trial court gave the jury an instructed verdict in favor of the defendants J. W. Meeker, J. R. Meeker and Western Oil Corporation, all of which appears in the court's charge and on which charge the jury, agreeable to the court's instruction, returned a verdict for said three defendants, the trial court, even though he later determined that he had erroneously so instructed the jury, had no authority to ignore, or set aside, that verdict and render judgment against all of the defendants upon the strength of the verdict which disposed of issues that support a judgment only as against the defendant who is involved in the fact issues that were submitted.

The writer is of opinion that the trial court had authority only to set aside the verdict and to order a new trial.

The judgment as against J. W. Meeker, J. R. Meeker and Western Oil Corporation is manifestly erroneous because, under Art. 2211, Vernon's Civ.Statutes, which statute provides the only right and power of a trial court to render judgment notwithstanding the verdict, it is distinctly stated that "the Court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may * * * disregard any Special Issue Jury Finding that has no support in the evidence."

Taking the first part of this statute, it is obvious that the judgment is erroneous if bottomed on that provision.

The only theory, under the forepart of the statute, whereupon the trial court had the authority and power to render judgment against these three defendants notwithstanding the verdict that was returned

is that the trial court should have given the jury an instructed verdict in favor of the plaintiffs as against these three defendants.

It is obvious that this could not be done because there could not be, in the very nature of the suit before us, even on the theory of the plaintiffs, any liability on the part of these three defendants unless and until a verdict was returned warranting a judgment against the fourth defendant, whose liability must be measured by the findings of the jury on the issues that involved such defendant.

The writer does not believe that any one could reasonably contend that the trial court should have instructed the jury to find for the plaintiffs as against these three defendants, in this case, where the liability of such defendants rests solely upon the theory that they are liable because the plaintiff alleged that all the defendants are partners and these three defendants neglected to deny the existence of such partnership under oath.

Let us take the second and latter portion of this statute, and we reach the same conclusion.

How can it be said that the trial court could disregard the instructed verdict which was directed by the court in favor of these three defendants, under this statute?

In the first place, this verdict, rendered by the jury at the request of the trial court, is not such a "special issue jury finding" as is contemplated by the statute. Therefore the latter portion of the statute can have no application here. But, going a step further, if it be conceded that this peremptorily instructed verdict is a "special issue jury finding", then the trial court was without authority and power to "disregard" it on the theory that it "has no support in the evidence."

On the contrary, the evidence abundantly supports the instructed verdict given these three defendants. Edmiston v. T. & N. O. R. Co., 138 S.W.2d 526 (Commission of Appeals, opinion adopted by Supreme Court), and cases cited; Myers v. Crenshaw, 134 Tex. 500, 137 S.W.2d 7 (Commission of Appeals, opinion adopted by Supreme Court), and cases cited.

With the above observations I heartily concur in the conclusions reached, as is disclosed by the opinion prepared for the court by Mr. Justice SPEER.