Kenneth R. King, Tyler, for appellant.

Will D. Pace, Tyler, for appellees.

**Jack BOYD, Appellant,**

v.

**L. H. TUCKER and Jack Tucker, Appellees.**

No. 6871.

Court of Civil Appeals of Texas. Texarkana.

March 1, 1956.

Rehearing Denied March 22, 1956.

DAVIS, Justice.

Jack Boyd as plaintiff sued L. H. Tucker and Jack Tucker as defendants for damages growing out of the sale of a house and lot in the city of Tyler by defendants to plaintiff. Plaintiff alleged that he contracted to buy said house and lot from defendants on or about September 15, 1954, and that the contract was finally consummated on October 15, 1954. Plaintiff alleged that as a collateral agreement in connection with the purchase of said property defendants agreed to rework and lower a hump in the driveway to the house, to fill the front yard with topsoil, to install natural gas inlet pipes, to install another ventilator pipe in the roof of said house, and to raise the outside water spigot. That plaintiff in con-

sideration of this oral agreement promised to and did accept delivery of the property and caused the sum of $10,000 to be paid for such property. That the agreement was again made and reaffirmed immediately prior to the delivery of the deed, and that defendants have failed and refused and still fail and refuse to fulfill their promise to plaintiff's damages in the sum of $1,000, and as further damages, that he was unable to rent the house for one full month after the execution and delivery of such deed to his damages in the sum of $95.

Defendants filed a motion for summary judgment alleging that plaintiff's cause of action was an effort to vary the terms of a written agreement and any evidence in support thereof would be in violation of the "parol evidence rule." Upon hearing, the motion for summary judgment was granted and plaintiff appeals.

As appellant he brings forward one point of error wherein he complains of the action of the trial court in granting the summary judgment because parol evidence would be admissible to show a breach of an oral collateral agreement to the warranty deed in question. From the pleadings and affidavit filed by appellant, we agree. The suit is not one to change or alter the terms of a written agreement, but one for damages as the result of a breach of an oral agreement collateral to the written agreement. Parol evidence is admissible to prove such damages. American Slicing Machine Co. v. Vincent, Tex.Civ.App., 279 S.W. 317; Corona Petroleum Co. v. Jameson, Tex. Civ.App., 146 S.W.2d 512, writ dis. judgm. cor.; Leyendecker v. Strange, Tex.Civ. App., 204 S.W.2d 845, err. ref. NRE; Mangum v. Buffalo Pitts Co., Tex.Civ.App., 131 S.W. 1196; Pyramid Drilling Co. v. Howell, Tex.Civ.App., 173 S.W.2d 250, err. ref. no merit.

The point of error is sustained, and the judgment of the trial court is reversed and the cause is remanded for a trial upon the merits.

Reversed and remanded.