## SLAMA v. MILLS.

### No. 13734.

Court of Civil Appeals of Texas.
Fort Worth.

April 1, 1938.

R. S. Ragsdale, of Burkburnett, for plaintiff in error.

A. E. Luecke and Bullington, Humphrey & King, all of Wichita Falls, for defendant in error.

SPEER, Justice.

This appeal is by writ of error, accompanied by supersedeas writ of error bond, from a district court of Wichita county, Tex., by Joe M. Slama, one of the defendants below, against B. J. Mills, who was plaintiff in the trial court. The parties will bear the same designation here as in the trial court.

There are no briefs filed in this court by either party. The defendant (plaintiff in error) tendered to the clerk of this court his briefs for filing on the day the case was set for submission; the clerk declined to file them, and properly so; no motion was made for postponement of submission, nor was there any excuse

offered why the briefs were not sooner filed. We would be warranted in dismissing the appeal for want of prosecution, under article 1846, Vernon's Tex. Civ.St., and rule 38 for Courts of Civil Appeals, were it not for the fact that defendant has directed our attention to what he claims is fundamental error apparent in the record; but even with such suggestion we find we cannot hold that there is fundamental error disclosed by the record.

█ It is contended that because plaintiff sued K. D. Harmon and Joe M. Slama, alleging a copartnership between them in the matters involved, and asked judgment against them jointly and severally, in the capacity in which they were sued, that it was incumbent upon plaintiff to prove the partnership before he could recover judgment against the parties in that capacity. Even if defendant's proposition was sound in law, which matter we shall mention later, to ascertain whether or not the allegations of partnership were sustained by proof, we would be compelled to read the statement of facts throughout, and this duty is not imposed upon an appellate court, where only fundamental error is claimed. 3 Tex.Jur. p. 939, § 656, and the cases there cited. We discussed these rules more in detail in the recent case of Harrell v. City of Denton, Tex.Civ.App., 116 S.W.2d 423. Also, see Graves v. Connecticut Gen. Life Ins. Co., Tex.Civ.App., 104 S.W.2d 121, writ dismissed.

█ There is yet another insurmountable difficulty confronting defendant in this appeal. The record discloses that plaintiff sued defendants as partners and sought judgment against them jointly and severally. Judgment was entered as prayed for. It also appears that no verified answer was filed by either defendant denying that relationship; nor do the pleadings in any way disclose they were not such. Under the provisions of article 2010, Rev.Civ.St., such a denial is mandatory, and the construction placed on that statute by the courts is to the effect that, in the absence of such a verified answer, the allegations are taken as confessed; this being true, no necessity existed for its proof.

█ Article 1846, supra, does not require that we dismiss the appeal when no briefs are filed, and because of the fact that we have searched the record for fundamental error, and having found none, we believe the judgment should be affirmed on the record, and it is accordingly so ordered. Judgment of the trial court is affirmed.