### SLAMA v. MILLS et al.

No. 13932.

Court of Civil Appeals of Texas
Fort Worth.

Nov. 4, 1938.

Rehearing Denied Dec. 9, 1938.

R. S. Ragsdale, of Burkburnett, for appellant.

A. E. Luecke, of Wichita Falls, for appellee.

SPEER, Justice.

This is an application by appellee, B. J. Mills, to dismiss an appeal being prosecuted in this court by J. M. Slama, from an order of the District Court of Wichita County dissolving a writ of injunction theretofore issued by that court.

The injunction proceedings grew out of a controversy between Mills and Slama, wherein the former sued the latter for alleged debt and recovered judgment. Slama appealed from that judgment to this court, and we affirmed the judgment of the trial court, as reported in 116 S.W.2d 426.

In due time the mandate was issued out of this court. Slama applied to the Supreme Court for a writ of "certiorari", seeking a review of our decision. The Supreme Court denied the writ, and shortly before that court went into summer recess he filed a motion for rehearing on his application for "certiorari". The latter motion was not acted upon until the Supreme Court reconvened, and it was overruled on October 5th, 1938.

Subsequent to the issuance of the mandate by this court, appellee Mills procured the issuance of an execution on the judgment against appellant Slama, and had it placed in the hands of the sheriff for levy upon appellant's property, to satisfy the judgment.

On July 11th, 1938, appellant filed petition to the District Court for an injunction and restraining order against appellee and the sheriff of Wichita County, to prevent the levy and sale, pending a final determination by the Supreme Court of his application for certiorari. The prayer in that petition reads: "Wherefore, plaintiff

prays that said defendants (Mills and the sheriff) be enjoined and restrained from further proceeding under said writ of execution until said matter can be finally heard and disposed of in said Supreme Court of Texas, and of this he will ever pray."

On July 6th, 1938, the district judge endorsed thereon his order granting the relief prayed for, which reads, in part, as follows: " * * * And having due consideration said injunction is granted in all things as prayed for."

There were further provisions in the order requiring bond in the sum of $500. The bond was duly approved and filed. No explanation is given in the record as to the discrepancy between the date of the court's order as of July 6th, and the filing of the petition on July 11th, 1938.

On July 13th, 1938, appellee filed his motion to dissolve and set aside the injunction and restraining order theretofore made by the court, and on the 19th day of July, 1938, the court dissolved the injunction and restraining order.

In the dissolution judgment, the court found he had improperly granted the injunctive relief and that the motion to dissolve should be sustained, and entered judgment dissolving the former judgment, using this language: " * * * And the same is hereby dissolved and in all things held for naught and declared null and void as of the day of its inception and considered of no force and effect either now or hereafter, and that all things in so far as they may be done, be reinstated as of their former estate, and that the proceedings and sale under the execution be continued and be carried out as ordered by the Court of Civil Appeals just as if such injunction had never been issued."

From the foregoing judgment this appeal was perfected and is before us upon appellee's motion to dismiss, upon the grounds that the issues involved are now moot. We think the motion should be sustained.

■ It will be noted that the prayer for injunction was until the issues involved in appellant's motion for rehearing on his application for certiorari should be finally determined by the Supreme Court. The restraining order was "granted as prayed for." This means that, even though it was not subsequently dissolved, it was only effective until the time mentioned in the prayer. At that time it would have ceased to be effective under its very terms. It is unnecessary for us to determine whether the injunction was "permanent", "temporary", or even a mere restraining order, since this would be only material in determining whether or not this appeal was perfected within the statutory time, after its dissolution. The time in which it was effective ceased when the Supreme Court overruled the motion for rehearing, and a supersedeas bond filed in this appeal did not have the effect to revive it, or to constitute a new writ in effect. Ft. Worth Street Ry. Co. v. Rosedale Street Ry. Co., 68 Tex. 169, 4 S.W. 534.

The judgment of the trial court dissolving the writ theretofore issued was proper, and the Supreme Court having overruled the motion for rehearing of appellant's application for writ of certiorari, seems to be the end of the controversy between the parties. The question is now moot and the appeal should be dismissed. It is accordingly so ordered.