## HESTAND KIMBELL GROCERY CO. v. FORREST et al.

### No. 4083.

Court of Civil Appeals of Texas. El Paso.

April 24, 1941.

Thomas & Thomas, of Big Spring, for appellant.

Klapproth & Hamilton, of Midland, for appellees.

PRICE, Chief Justice.

This is an appeal from the County Court of Martin County. Hestand Kimbell Grocery Company, as plaintiff, sued F. A. Forrest and Horace Blocker, as defendants, seeking to recover the sum of $329.74 for the price of goods, wares and merchandise alleged to have been sold and delivered to defendants.

Plaintiff alleged that defendants were partners at the time the goods, wares and merchandise in question were delivered, doing business under the firm name and style of the Camp Cozy Grocery.

Defendant Forrest filed no answer. Defendant Blocker answered by general demurrer and general denial.

At the close of plaintiff's evidence defendant Blocker moved the court to instruct a verdict in his favor. The motion was granted, and the court thereafter entered judgment in favor of plaintiff against defendant Forrest in the sum of $329.74, and against plaintiff in favor of defendant Blocker.

From this judgment plaintiff has perfected this appeal.

Defendant Blocker, not having denied the partnership under oath, was precluded from disputing same on the trial. Article 2010, R.S.1925; Terrell v. Wainwright, Tex.Civ.App., 87 S.W.2d 1114; Peveto v. Smith, Tex.Civ.App., 113 S.W.2d 216; Slama v. Mills, Tex.Civ.App., 116 S. W.2d 426.

E. A. Switzer, a salesman for plaintiff, testified. This testimony tended to establish the sale and delivery of the goods to defendant Forrest. As to the value thereof, or the agreed price, it was very meager. He said there was due on the

account the sum of $329.74. However, there was no objection to the testimony. In the absence of objection we think it was probably sufficient to raise an issue for the jury. In view of the vagueness thereof and uncertainty as to the price of the goods, even though uncontradicted, we are of the opinion that his testimony did not conclusively establish, as a matter of law, the delivery of the goods, the agreed price thereof, or their market value. For this reason we have decided the proper course is to reverse and remand this cause rather than reverse and render same.

Plaintiff's petition is rather loosely drawn, and in view of another trial an amendment thereof might define and clarify the issues.

It is ordered that the case be reversed and remanded.